# CLETIS PYLE v. BITUMINOUS CASUALTY CORP.
# LUKE COOK v. BITUMINOUS CASUALTY CORP.
## —299 S. W. (2d) 665.

Middle Section, Nashville.    October 26, 1956.

Petition for Certiorari denied by Supreme Court March 8, 1957.

146

Crawford & Barns, Cookeville, Fritz Krueger, Somerset, Ky., for plaintiff in error.

Reagan, Neal & Cravens, Jamestown, for defendant in error.

SHRIVER, J. For convenience the parties will be referred to as plaintiffs and defendant as they appeared in the Court below.

I

The defendant insurance company appealed in error from a judgment rendered in the Circuit Court of Fentress County, by the Court and jury, at the April term 1956. The two cases were consolidated for the purpose of expenditing the trial, as they arose out of the same

transaction. Separate verdicts were rendered, one in the amount of $10,000, plus interest, in favor of Cletis Pyle, and one in the amount of $3,000, plus interest, in favor of Luke Cook. The verdicts were approved by the Court, the motions for a new trial were overruled and the appeal in error duly perfected. Only one transcript and bill of exceptions has been filed which presents the record in both cases.

As the result of an accident in Fentress County, Tenn., involving a local automobile and one from Kentucky, suits were brought by plaintiffs herein against the out-of-state owner, who was not present when the accident occurred.

In these prior suits service on the owner was had pursuant to our statutes, and notice of the pendency of the suits was also given her insurer, Bituminous Casualty Co. However, no defense was interposed and no appearance made in said cases with the result that judgments by default were entered against said owner in favor of plaintiffs Pyle and Cook, who are also plaintiffs herein.

After the time for appeal had expired, executions were issued and were returned nulla bona.

The actions which we now have before us were then brought by plaintiffs directly against the insurer of the owner's car who denied liability on the judgments.

The pleas filed by the defendant insurer raise the question of the sufficiency and validity of service on the insured under our statutes, Code, sec. 20-224 et seq., which provide for service of process through our Secretary of State on any non-resident whose automobile is involved in an accident on our highways.

The pleas also assert that the judgments are void because the defendant owner was not subject to suit and was not liable, in as much as the car was not being used by her permission or authority at the time of the accident. They seek to interpose this as a defense here, although no such defense was offered by the owner in response to the declarations in the suits against her, wherein it was alleged that the car in question was being operated by her authority and on her business at the time of the accident.

Defendant insurer also pleads lack of notice to it of the suits against its insured and asserts that this is a bar to recovery against it in this suit.

## II

The facts are substantially as follows:

The defendant insurance company had issued a liability policy covering the 1953 Ford automobile of one Treva Johnson, alias, Billie Langdon, (hereinafter referred to as Treva Johnson) said policy containing the standard provisions covering injuries to the person or property of others in the use of said car. This policy was in full force and effect on May 14, 1953, on which date the plaintiffs were riding as passengers in the automobile of one Willie Green in Fentress County, when it was involved in a collision with an automobile from Kentucky belonging to defendant's assured, Treva Johnson. Both Cook and Pyle suffered serious and permanent bodily injuries. The insurance company was promptly notified of the accident by letter of June 2, 1953, addressed to the Bituminous Casualty Corporation, Rock Island, Illinois, and signed by the attorneys for the injured parties. Replies thereto signed by the superintendent of automobile claims on

June 5, 1953, and another by the assistant manager of the Louisville claim office of the company, on June 9, 1953 were received. The latter of the two communications asserted "We are instituting an immediate investigation into it (the accident) and you will hear from us concerning the matter in due course."

As a result of their injuries, plaintiffs instituted suit in the Circuit Court of Fentress County, and process was obtained on the defendant's assured, Treva Johnson, and the driver of her automobile, Hollins Dishman, through the Secretary of State, in accordance with the provisions of sec. 20-224 et seq. T. C. A., 8671 et seq. Williams Ann. Code, they being non-residents of Tenn.

This Code Section provides for service of process through the Tennessee Secretary of State on the owner or operator of any motor vehicle not licensed under Tenn. laws, where it is involved in an accident on one of our highways and suit is brought in this State to recover damages resulting therefrom.

Sec. 20-226, T. C. A. provides:

"Service of such process, under either sec. 20-219 or sec. 20-224, shall be made by lodging (by plaintiff or his attorney) the original summons and a copy, certified by the clerk of the court in which action is brought with a fee of two dollars ($2.00), with the secretary of state, who shall promptly send, postage prepaid, the certified copy by registered return-receipt mail to the defendant, along with a written notice that service was so made."

Service of process was duly completed in accordance with the statute as is shown by the testimony of Cletis

Pyle and Luke Cook, together with exhibits from the Secretary of State's Office, showing return receipts of registered mail in which the summons, etc., were forwarded to the parties. There is substantial evidence that the insurance company was duly notified of the pendency of the suits against their assured in the above mentioned correspondence and in the testimony of Harlan Brown and Hollis Edmonds that they went to the office of the insurance company's agent who had sold the policy to the owner of the car, and notified him of the pendency of the suits, and were assured by him that the insurance company would take care of the matter.

After process had been served on the parties, declarations were filed in each case, wherein it was alleged, among other things, that, at the time of the accident, the vehicle was owned by the registered in the name of the defendant, Treva Johnson, and was being operated on her business and by her agent, representative, and employee, and with her knowledge, acquiscence, and consent.

Orders were entered requiring the defendants, Treva Johnson and Hollins Dishman, to plead their defenses specially.

The defendant insurance company failed to appear and defend the suit against their assured. Likewise, the owner and driver failed to appear and defend. Hence, at the August 1954 term of Court a writ of inquiry was issued and judgments were rendered against Treva Johnson in favor of the plaintiffs, Pyle and Cook for $10,000 and $3,000, respectively.

As mentioned hereinabove, no appeal was taken from the judgments so rendered and, after they became final,

executions were issued and nulla bona returns were made by the sheriff.

It is shown that the policy of insurance covering the automobile in question provided, among other things, that the company would:

"Pay on behalf of the insured all sums which the insured shall become legally obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile".

After the executions issued on the aforesaid judgments were returned nulla bona, demand was made by plaintiffs herein on the insurance company to pay the judgments, and upon refusal of said company to pay, these suits were instituted, judgments obtained and appeals in error perfected as aforesaid.

The defendant insurance company filed special pleas to the declarations in these cases to the following effect:

It is asserted that the judgments which Pyle and Cook obtained against Treva Johnson were wholly null and void, because Treva Johnson was a non-resident of Tenn. and was not in possession or control of the automobile involved in the accident in which Pyle and Cook were injured at the time of the injury. It was asserted in said plea that Treva Johnson had gone to West Virginia at the time of the accident and had left the automobile in Kentucky in the possession of one Harlan Brown, who,

in turn, had loaned it to Hollins Dishman to go from Russell County, Ky., to Monticello, Ky. and return; that Dishman was not on any mission for the said Treva Johnson and that he was not her agent or servant and that there was no relationship between Treva Johnson and the use of the automobile in Tennessee.

It was, therefore, asserted that Treva Johnson, at the time of the accident in question, was not making use of the privilege of operating a vehicle on the highways of the State of Tenn. and that, therefore, she did not constructively, or otherwise, appoint the Secretary of State of Tennessee her agent for the purpose of service of process or for any other purpose.

The special pleas also alleged that the defendant, Treva Johnson, was never personally served with process but that summons was served by sending the process to the Secretary of State who attempted, or purported, to accept service of process, and that said Treva Johnson never entered her appearance in said suits or did any act which would bring her under the jurisdiction of the Circuit Court of Fentress County, Tenn.

Plaintiffs filed replications wherein it was asserted that the questions pertaining to the relationship between Treva Johnson and Hollins Dishman, the driver of the car at the time of the accident, were matters which had been finally determined in the suits of Pyle and Cook against Treva Johnson and that the defendant was precluded by said judgments from raising such questions, it being insisted that these questions were settled when said judgments became final against the defendant, Treva Johnson, and that the validity of said judgments could

not be collaterally attacked by the defendant insurance company in these proceedings.

The plaintiffs introduced the depositions of Harlan Brown and one Hollis E. Edmonds and, on cross-examination, it was attempted to be shown by counsel for the defendant that, under the facts surrounding Dishman's possession of the car at the time of the accident, he was a mere bailee and that Treva Johnson had no connection with the use of the automobile on the highways of Tenn. Counsel for plaintiffs objected to this testimony on the ground that these matters had been determined in the suit of Pyle and Cook against Treva Johnson and could not be raised to collaterally attack the judgment in the former suit, whereupon, the jury was excused and, after argument of counsel, the trial judge sustained the exceptions and excluded this testimony, but it was perserved in the record for examination by this Court.

The defendant introduced witnesses to substantiate its claim that Treva Johnson had not authorized the use of the car by Dishman at the time of the accident, which evidence was placed in the record in the absence of the jury. The trial Judge sustained the plaintiffs' objections to said testimony and excluded same.

### III
### Assignments of Error

There are four assignments of error which it will not be necessary to discuss separately.

The first assignment complains of the action of the trial Judge in excluding testimony of the witnesses offered on behalf of the defendant as hereinabove indicated.

The second assignment complains of the Court's action

in overruling the motion of the defendant at the conclusion of all the evidence to direct a verdict in its behalf.

The third assignment is to the action of the Judge in instructing the jury that the judgments of Pyle and Cook against Treva Johnson were good and valid judgments.

The fourth assignment asserts that there was no evidence to support the verdict.

## IV

The record herein sustains the contention of the plaintiffs that after the accident in which they were injured, the defendant insurance company was notified of said accident and responded by letter in which it was said that one of their adjusters would investigate the claim of the plaintiffs.

It further sustains the fact that the defendants Treva Johnson and Hollins Dishman were residents of Kentucky and that service was had on them pursuant to sec. 20-224, T. C. A. et seq., Wms. Code, 8671, and that all these defendants had actual notice and knowledge of the accident and of the pending suit of the plaintiffs against Treva Johnson and Hollins Dishman.

While it does not conclusively appear from the record that the insurance company through its claim division decided not to defend these suits on the supposition that service of process was ineffective to give jurisdiction to the Tenn. Court, nevertheless, such seems to be the most logical conclusion to be drawn from the record.

Be that as it may, the defendants and the insurance company, for some reason, elected to ignore the suits and to allow judgments by default to be entered.

■ It is to be noted that the declarations in said suits of Pyle and Cook allege that the automobile was being operated by the defendant Dishman upon his own business and the business of his co-defendant, and while acting for himself and as agent, representative and employee of said co-defendant (Treva Johnson) and with the knowledge, acquiescence and consent of said co-defendant, the allegations of the declarations in these two cases, and notice having been served on the owner of the car, Treva Johnson, that said suits were pending in Fentress County, Tenn., against her, and that the charges therein were to the effect that said car was being operated by her co-defendant, the driver, with her knowledge, acquiesence and consent and while acting as her agent, representative and employee, it became incumbent upon her to present her defense to those charges.

Having failed to appear and defend after constructive and actual notice of the pendency of said suits, we are of opinion that the judgments of the plaintiffs therein, after the expiration of 30 days from rendition thereof, unappealed from, became binding and conclusive on her.

■ Is the defendant insurance company liable under the facts and circumstances hereinabove recited and where the judgment against their insured has become final and binding on her? That is the question for determination here.

In 34 C. J. sec. 1463, p. 1031, it is said:

"Where a person who is responsible over, either by operation of law or express contract, to another for whatever may be recovered in a suit against such other, has notice of a suit against the latter and an opportunity to appear and defend, the judgment ren-

dered in the action, if obtained without fraud, will be conclusive on him, whether he appears or not''. See also 50 C. J. S., Judgments, sec. 811.

In sec. 1464, (34 C. J.) it is said:

''The rule that a person responsible over is bound by the judgment where he has had notice of the suit and an opportunity to defend is of general application, without regard to the nature of the liability over, whether it arises out of contract or by operation of law''. Citing many cases in support thereof. See also 50 C. J. C., Judgments, sec. 811.

In the note to sec. 1463, supra, Tyree v. Magness, 33 Tenn. 276, is cited as one of the authorities for the statement in the text.

Tyree v. Magness, 33 Tenn. 276, held:

''Res Judicata. Where suit is brought by an assignee of a note against the makers, to recover judgment against the assignee on the merits, upon a cause of defense that existed against the note before the assignment, and the assignor was notified of the defence so as to enable him to litigate the matter with the defendants, the assignor cannot afterwards, by erasing the assignment maintain a suit against the same parties on the note. In such case the assignee succeeded to the interest of the assignor, and held in privity with him''. Cited in: Cornelius v. City of Memphis, 3 Tenn. Ch. 5, 7.

Learned counsel for the parties herein have not cited another Tennessee case on this question and we have been unable to find a reported decision in this State on the precise point under discussion here.

On the other hand, there are numerous authorities in

many jurisdictions, several of which have been cited in the reply brief of the plaintiffs, some of which are as follows:

"The judgment in favor of the injured person against insured is, in the absence of fraud or collusion, conclusive as between the former and the insurer both as to issues of fact and errors of law, the insurer having elected to make no defense, although it had timely notice of the action. International Indem. Co. v. Steil, 8 Cir. (1929), 30 F. (2d) 654". 85 A. L. R. 41.

\* \* \* \* \* \*

"An insurer who had reasonable notice of the pendency of an action by the injured person against the insured, and was requested to assume its defense, but declined to do so, electing to disclaim coverage, is bound by the judgment in that action as to issues which were or might have been litigated therein, in a subsequent suit in equity by the injured person for recourse to the policy. Howe v. Howe (1935), 87 N. H. 338, 179 A. 362". 106 A. L. R. 520.

\* \* \* \* \* \*

"A judgment binding upon the assured notwithstanding the fact that he was misnamed therein and in the complaint upon which it was based, is likewise binding upon the insurer in a suit by the injured person. United States Fidelity & G. Co. v. Yeater (1928) 217 Ala. 150, 115 So. 174." 85 A. L. R. 41.

\* \* \* \* \* \*

"As a general rule and in the absence of fraud and collusion, if a liability insurer who has a right to defend actions against the insured has timely

notice of such an action and defends or elects not to defend, the judgment in such case is binding upon the insurer, as to issues which were or might have been litigated therein, when the insurer is later sued by the injured person''. 29 Am. Jur., sec. 1084, p. 813. (Citing cases from Ark., La., and Mo.)

''It is well settled that where a person is responsible over to another, either by operation of law or express contract, and he is duly notified of the pendency of the suit against the person to whom he is liable over, and full opportunity is afforded him to defend the action, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appears or not''. 15 R. C. L. sec. 489, p. 1017. See also sec. 491. (Citing cases from many jurisdictions)

\* \* \* \* \* \*

''One recovering a judgment for personal injury, and the insurer of the defendant in such action against liability, are mutually bound by the issues thereby adjudicated in a garnishment proceeding against the insurer to collect the judgment.'' (See R. C. L. title 'judgment,' sec. 491. See also annotations in 63 A. L. R. 1043; 85 A. L. R. 41; 106 A. L. R. 520.)

Also see Producers & Refiners Corp. v. Illinois Central Railroad Co., 168 Tenn. 1, 73 S. W. (2d) 174, 175, where, in construing code sec. 20-224, Wm. Code, 8671, the Court said:

''Liability to this service of process is cast upon nonresidents 'who shall make use of the privilege \* \* \* to operate' on highways within the state; and

this liability is cast, not merely upon a nonresident, 'while operating', or upon one whose exercise of the privilege is evidenced by 'his operating' the automobile involved, as in the statutes of New York and Texas, construed in the cases cited by defendant, but the nonresidents to be affected are classified and identified as 'any owner, chauffeur or operator' of the automobile involved.

"The use of the word 'owner' in this statutory classification describes a nonresident in his relation to the automobile. It is used in opposition to the words 'chauffeur' and 'operator,' the three words being separated by the alternative 'or.' The meaning, we think, is clear that an owner, who is neither chauffeur nor operator, is within the application of the statute."

It should be noted that the special plea of defendant company admits that Treva Johnson was the owner of the automobile involved in the accident wherein plaintiffs were injured.

It is also admitted that the policy of liability insurance issued to her on said car was in force at the time of said accident.

Thus, the questions raised by the pleas in the suits at bar (1) that process was not properly served on defendant, Treva Johnson, through the Secretary of State or, if served, that she was not subject to such process by reason of facts which, although alleged in the declaration and not controverted in the suits against

her, are sought to be controverted by her insurer in the suits at bar, and, (2) that defendant herein had no notice of the suits, must be resolved against the defendant.

As to the fact of actual service and of notice to both the defendants in the original suits, and to the insurance company, the Court and jury found these issues in favor of the plaintiffs in the suits at bar, and there was ample evidence to sustain these findings.

It results that all assignments are overruled and the judgment of the trial Court affirmed.

Felts and Hickerson, JJ., concur.
concur.

Affirmed.