**Albert Gene BANKS, Appellant,**

v.

**CITY OF MASON, Tennessee, Appellee.**

Supreme Court of Tennessee.

Aug. 16, 1976.

Marshall Gerber, Gerber, Bernstein, Gerber & Winestone, Memphis, for appellant.

John S. Wilder, Sr., J. S. Wilder & Associate, Somerville, for appellee.

OPINION

FONES, Justice.

This case arises under T.C.A. § 6–640, which requires local governments to indemnify policemen and firemen in their employ from judgments against them predicated upon negligent acts committed in the course of their employment.

On April 2, 1973, appellant obtained a $40,000 judgment against Arnell Freeman, a police officer employed by appellee. The judgment did not specify whether the award was based upon negligent or willful actions of Freeman. Appellant attempted to collect his judgment from Freeman, but was unable to do so. He then requested that appellee satisfy the judgment pursuant to T.C.A. § 6–640, but it refused.

On August 30, 1973, Freeman filed a petition in bankruptcy. On November 15, 1973, appellant commenced the lawsuit at bar against appellee in the Circuit Court of Tipton County to collect his $40,000 judgment. On March 6, 1974, Freeman was adjudicated a bankrupt and released from all dischargeable debts. On March 12, 1974, because of lack of notice to appellant, discharge on the $40,000 judgment was set aside until a proper hearing could be had on the motion for discharge. It does not appear from the record what disposition, if any, the Bankruptcy Court has made of this debt. Under the view we take of the case, however, any action taken by the Bankruptcy Court as to Freeman is irrelevant when considering the liability of appellee.

On August 5, 1975, the Circuit Court of Tipton County dismissed appellant's cause of action. We reverse.

Tennessee Code Annotated § 6–640 provides in pertinent part as follows:

> "Whenever any county sheriff and his deputies or any employee member of a fire or police department of a municipal corporation or other political subdivision of the state of Tennessee shall be sued for damages arising out of the performance of his official duties and while engaged in the course of his employment by such governmental agency, such governmental agency shall be authorized and required to provide defense counsel for such employee in such suit and to *indemnify him from any judgment* rendered against him in such suit; provided, however, that such indemnity shall not extend to any judgment for punitive damages or for damages arising out of any willful wrongdoing by said employee and; provided, further, that such municipal corporation or other political subdivision shall have notice of such suit." (Emphasis added.)

This appeal is governed by *City of Memphis v. Roberts,* 528 S.W.2d 201 (Tenn.1975), which was decided the month after the action of the trial court in dismissing appellant's cause.

In support of its position that the trial court was correct in dismissing the complaint, appellee relies on two cases decided by this Court prior to the decision in *Roberts.* It maintains that *City of Chattanooga v. Harris,* 223 Tenn. 51, 442 S.W.2d 602 (1969) and *Cunningham v. Metropolitan Government,* 476 S.W.2d 641 (Tenn.1972) require a holding that T.C.A. § 6–640 was enacted for the sole benefit for policemen and firemen employed by local governments.

Appellee's reliance on *Harris* is misplaced. There the Court was considering the constitutionality of the act; and in discussing the public purpose served by the Statute, found that the Statute could be construed as providing a fringe benefit: "At the very least it makes employment in these departments more attractive for both the veteran and the recruit, just as other 'fringe benefits' do." 223 Tenn. at 61, 442 S.W.2d at 606.

In *Cunningham v. Metropolitan Government, supra,* the Court looked to the technical meaning of the word "indemnify" and to T.C.A. § 6–641 to determine legislative intent. That Code section merely authorizes local governments to obtain liability insurance "to protect employees in the course of their employment."

We noted in *Roberts* that the *Cunningham* Court expressly limited its opinion to the facts presented in that case, and refused to consider the obligation of a municipality under the statute where a policeman or fireman faced the prospect of repeated garnishment of his wages or execution and sale of his property to satisfy a judgment.

We answered the question that the *Cunningham* Court reserved for another day, as follows:

> "We recoil at any suggestion that a policeman or fireman, or any other wage-earner during this era of inflation is required to submit to the hurt, humiliation and financial detriment of having his wages garnisheed, or of having to deplete his meager savings, or perhaps of having to sell his equity in his home in order to pay a judgment against him, and then, but only then, recover the money so paid. We cannot believe the Legislature intended any such absurd result." 528 S.W.2d at 205.

We made it clear in *Roberts* that not only does the statute provide "fringe benefits" to employees, it also provides "[A] form of *public insurance* against therefore immune activities . . ." (Emphasis added) 528 S.W.2d at 203. We relied upon comments made by Senator Stanley Snodgrass, the sponsor of the bill in the Senate, and quoted his comments in full as preserved on record in the State Library and Archives, Number SB–196, May 18, 1967. 528 S.W.2d 204, 205.

Appellee attacks *Roberts* and our reliance on these comments by Senator Snodgrass. It maintains that there is nothing to indicate at what stage of the proceedings these comments were made; and that the views of only one individual were represented, while the General Assembly, at that time, was composed of one hundred thirty-four (134) members. The answer to that contention is that the comments by Senator Snodgrass were made following the third and final reading of the bill, just prior to its being passed by a majority of the Senate.

Appellee contends that our decision in *Roberts* was erroneous because it denies municipalities the right and the opportunity to litigate the defense of willfulness on the part of an employee. This contention is based on the fact that in a tort suit against an employee, the municipality's obligation to provide counsel creates a conflict of interest between it and its employee on the issue of willful negligence, if asserted by the injured plaintiff; or, if not asserted, it fixes the liability of the municipality upon rendition of judgment for ordinary negligence without opportunity to litigate the issue.

That issue was not present in *Roberts,* and we made no adjudication therein adverse to a municipality's right to litigate the factual issue in a suit after judgment obtained by the injured party. Nor was the issue adjudicated in *Cunningham.* In our opinion the problem presented by the conflict of interest with its employee in the

tort suit on the issue of willfulness is identical, whether the statute be construed as in *Cunningham* or *Roberts.*

Appellant was not awarded punitive damages in his tort action in Federal Court. Appellee was not a party to that action, but provided defense counsel for its employee, as required by T.C.A. § 6–640. If appellant had asserted willful misconduct on the part of Freeman, the result would not have been binding upon appellee because it was not a party and was of course precluded from taking a position, through counsel, provided for Freeman, adverse to Freeman's interest.

It is elementary that a municipality must be provided the right to deny liability for a judgment against the employee on the basis of the statutory defense of willful misconduct, and the courts must be open to the assertion of that defense in a suit brought subsequent to the tort action. This is necessarily true whether or not willfulness is asserted or adjudicated in the tort action.

The cause is reversed and remanded to the Circuit Court of Tipton County for proceedings not inconsistent with this opinion. Costs are adjudged against appellee, City of Mason.

HENRY and BROCK, JJ.

COOPER, C. J., and HARBISON, J., dissent.

HARBISON, Justice.

I respectfully dissent from the majority opinion in this case. I do not disagree with the interpretation of the statute in question, T.C.A. § 6–640, nor do I think that any modification of the opinion of the Court in the case of *City of Memphis v. Roberts,* 528 S.W.2d 201 (Tenn.1975), is in order.

In the *Roberts* case, however, the affected employee himself was demanding indemnification from the municipal corporation. At the outset of the opinion, the Court stressed that:

> "Plaintiff-appellee has made demand on the City of Memphis that these judgments be paid but the city has refused to do so. The Chancellor found that plaintiff-appellee was entitled to a judgment as a matter of law and ordered the city to pay all judgments." 528 S.W.2d at 202.

Further, in the *Roberts* case, the Court rejected the theory of the employee that:

> ". . . a recovery may be had as soon as liability is legally imposed, i. e., when the judgment becomes final." 528 S.W.2d at 203.

In the present case it is not the employee who has demanded indemnification or exoneration from the municipal corporation. Rather, this suit is brought by the judgment creditor of the employee in a direct action against the municipal corporation, to collect the judgment from the corporation.

I do not believe that this procedure is authorized or justified by the statute. It is the employee who is entitled to be indemnified, and, in *Roberts,* the Court held that he was entitled to be indemnified from liability, as well as from the actual payment of a judgment or actual loss incurred by him.

A right of indemnification is frequently a personal one, and is to be asserted by the indemnitee, not by a third party who has no such right. 41 Am.Jur.2d, *Indemnity,* § 41 (1968).

An insured under a contract of liability insurance is entitled to maintain an action for indemnification against his liability insurer, for failure on the part of the insurer in bad faith to settle a claim against the insured. The insured is entitled to maintain such an action, whether he has paid the judgment against him or not, since an outstanding judgment is a detriment to him. *Southern Fire & Casualty Co. v. Norris,* 35 Tenn.App. 657, 250 S.W.2d 785 (1952). The judgment creditor of such an insured, however, may not maintain a direct action against the insurance carrier, requiring the carrier to exonerate and thereby indemnify the insured. *Dillingham v. Tri-State Insurance Co., Inc.,* 214 Tenn. 592, 381 S.W.2d 914 (1964); *Clark v. Hartford Accident and Indemnity Co.,* 61 Tenn.App. 596, 457 S.W.2d 35 (1970).

The foregoing rule, with respect to claims for an excess judgment by an insured, has

been modified somewhat by the adoption of T.C.A. §§ 20–624 *et seq.*, insofar as the death or insolvency of the insured are concerned, but otherwise continues to be operative.

In cases such as the present, the municipal corporation involved may, of course, purchase general liability insurance to protect its employees. Otherwise, it may furnish counsel and indemnify its employees out of the public treasury, but it is clear, from the opinion of this Court in *Roberts* and from prior cases that the right of indemnification is a personal one to the employee. In the case of *City of Chattanooga v. Harris,* 223 Tenn. 51, 442 S.W.2d 602 (1969) the Court spoke of the right of indemnification as a "fringe benefit" to the employee.

In my view, the affected employee may demand indemnification from the municipal corporation, and, if a judgment against him is not paid, he may maintain a direct action against the municipality to require it to pay the judgment, as was done in *Roberts.* This, however, is a different concept and a different matter from permitting the judgment creditor himself to maintain such an action. If the employee does not demand indemnity, he may waive it; if he prefers, he may pay the judgment against him personally or suffer bankruptcy, rather than call upon his employer for exoneration.

In my opinion the trial judge was correct in sustaining the motion to dismiss in the present case, which is a suit brought directly against the municipal corporation by the judgment creditor. I do not find this result in any way inconsistent with *Roberts,* or the theory of indemnification enunciated therein.

I am authorized to state that Chief Justice COOPER joins in this dissenting opinion.