**William KELLY, Petitioner,**

v.

**CHEROKEE INSURANCE COMPANY, a corporation, Respondent.**

Supreme Court of Tennessee.

Dec. 18, 1978.

Jess D. Ewing and W. Ray Jamieson, Ewing, Jamieson & Miles, Memphis, for petitioner.

Fred E. Ivy, Jr., and Ronald E. Cardwell, Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Memphis, for respondent.

## OPINION

FONES, Justice.

William Kelly, plaintiff below and petitioner here, was awarded a judgment of $25,000 in a prior lawsuit for personal injuries resulting from bullet wounds and blows to the body with a shotgun. The defendant in that case was Joe A. Hemphill, who was a named insured in a homeowner's policy issued by Cherokee Insurance Company. Cherokee denied coverage of Hemphill and advised him that legal counsel would not be provided to defend the suit. Hemphill did not defend, a default judgment was entered, and the trial judge, sitting without a jury, found Kelly's damages to be $25,000. After a *nulla bona* return on execution issued to collect the judgment from Hemphill and Cherokee's denial of liability under the homeowner policy, this suit was brought.

The trial judge granted plaintiff's motion for summary judgment, giving no reason other than that there was no genuine issue as to any material facts. The Court of Appeals reversed and remanded the case for trial, relying upon *Grundy County v. Dyer*, 546 S.W.2d 577 (Tenn.1977), and *Banks v. City of Mason*, 541 S.W.2d 143 (Tenn.1976). We agree with the result but do not agree that *Dyer* and *Banks* are relevant authorities.

Cherokee's denial of coverage was based on a policy exclusion providing no coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured."

The facts as presented by opposing affidavits are in sharp dispute. Plaintiff had been living with his daughter, Mattie, and son-in-law, Joe Hemphill. One version of the events of August 4, 1972, was that Hemphill had been intoxicated, had been

arguing with his wife, and got out his pistol and fired a number of shots, three of which struck plaintiff. Another version was that he had not been intoxicated, had been engaged in an argument with plaintiff over the amount of money Hemphill had borrowed but had not repaid, that plaintiff pulled a shotgun on Hemphill, who fled into another room, got his pistol and fired all the shots in self-defense. There were other disputes with respect to where the parties had been standing and what they had been doing at various critical times. There was general agreement that Hemphill struck plaintiff several times with the shotgun after the shots had been fired, but the reason for that and the circumstances under which the blows were struck were disputed.

Clearly there existed in this record genuine issues of material fact concerning the question of whether or not the injuries inflicted by Hemphill upon plaintiff were either expected or intended by Hemphill. It follows that plaintiff was not entitled to a summary judgment, unless as a matter of law Cherokee was absolutely bound by the prior judgment against Hemphill and foreclosed from litigating the question of coverage based upon the applicability of the policy exclusion.

In the present posture of this lawsuit the controlling issue is whether or not Cherokee is estopped, or otherwise precluded from litigating the question of whether Hemphill's acts that injured Kelly were expected or intended, because of the adjudication in the prior suit that Kelly's injuries were directly and proximately caused by Hemphill's negligence.

Plaintiff's principal argument in support of his insistence that Cherokee is precluded from "relitigating" the issue of whether Kelly's injuries were negligently or intentionally inflicted is that Cherokee was obligated to defend Hemphill, and in refusing to do so Cherokee is bound by the prior judgment in the tort action, which was explicitly decreed to be predicated upon negligence. We have no quarrel with the general rule that in the absence of fraud or collusion an insurer, who has the duty to

defend, has timely notice and defends or elects not to defend, is bound by the judgment in such a case as to issues which were or might have been litigated therein. *See, e. g., Pyle v. Bituminous Cas. Corp.,* 42 Tenn.App. 145, 299 S.W.2d 665 (1956). But, it is our view that this case does not come within the purview of that general rule. The precise issue upon which coverage depends, to wit, whether the insured Hemphill's acts that inflicted the injuries were "expected or intended" was not and could not have been litigated in the tort case. Defense of the insured in the tort action would cast the insurer and the insured in the untenable position of attempting to cooperate when their interests are adverse, and in the absence of an identity of interest judgment by estoppel does not apply. If in the tort action the insurer sought to exculpate itself from policy coverage by showing that its insured acted intentionally, that position would breach its duty to contest any liability and could render insured liable for punitive damages. That result would strip insured of coverage for compensatory damages, as well as punitive damages. *See Glens Falls Ins. Co. v. American Oil Co.,* 254 Md. 120, 254 A.2d 658 (1969) and *Farm Bureau Mut. Automobile Ins. Co. v. Hammer,* 177 F.2d 793 (4th Cir. 1949), *cert. denied, Beverage v. Farm Bureau Mut. Automobile Ins. Co.,* 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339 (1950).

There are cases that have extended the general rule of estoppel by judgment to instances involving coverage controversies concerning whether acts were intentional or expected from the standpoint of the insured. That line of cases is exemplified by *Miller v. United States Fidelity & Cas. Co.,* 291 Mass. 445, 197 N.E. 75 (1935), wherein the rationale was expressed as follows:

"The object of the policy is protection against law suits and legal liability. This object could not be attained if the insured were compelled to try over again in an action against the insurer the same issues upon which he has been found liable in the original action. Where an action against the insured is ostensibly within

the terms of the policy, the insurer, whether it assumes the defense or refuses to assume it, is bound by the result of that action as to all matters therein decided which are material to recovery by the insured in an action on the policy." 197 N.E. at 77.

We think the better view and the reasons therefor are aptly expressed in *Farm Bureau Mut. Automobile Ins. Co. v. Hammer, supra,* wherein Judge Soper, writing for the Court of Appeals for the Fourth Circuit, disagreed with the holding in *Miller v. United States Fidelity & Cas. Co., supra,* and said, in part:

"We are, however, unable to follow it because, in our opinion, it extends the principle to a situation to which it does not apply and overlooks the true ground on which the principle is based. The underlying purpose of the doctrine is to obviate the delay and expense of two trials upon the same issue—one by the injured party against the indemnitee and the other by the indemnitee, or the injured party against the indemnitor. This is possible because it is assumed that the interests of the parties to the contract of indemnity in opposing the injured person's claim are identical; and it is accomplished by giving the indemnitor an opportunity to appear in the first suit on behalf of the indemnitee so that everything that can be offered in exculpation of the indemnitee by either party to the indemnity contract may be presented. The indemnitor may not be under a contractual obligation to defend, but if he fails to assume the burden of the defense he takes the risk for he is bound by any judgment against the indemnitee where their interests in the defense of the suit are identical.

It is, however, obvious that the binding effect of a judgment against the insured does not extend to matters outside the scope of the insurance contract, and that the Insurance Company is neither obligated to defend nor bound by the findings of the court if the claim against the insured is not covered by the policy. To hold otherwise would be to estop the In-

surance Company by the acts of parties in a transaction in which it has no concern and over which it has no control, and to deprive it of its day in court to show that the transaction is foreign to the contract of insurance.

. . . . .

It is obvious that the Insurance Company was not qualified to undertake the defense of the insured in the suits by the injured parties against him, and that this disqualification was due to the insured's own conduct. It was not possible for the company in these suits to defend the insured, and at the same time to protect its own interests. It could not exculpate itself by showing that the injurious acts of the insured were beyond the scope of the policy, for this showing would establish the liability of the insured to the injured parties to an even greater extent than that claimed in the complaints. *See Pfarr v. Standard Oil Co.,* 165 Iowa 657, 671–672, 146 N.W. 851, L.R.A.1915C, 336." 177 F.2d at 799–801.

*Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,* 349 So.2d 1113 (Ala.1977), involved a homeowner's policy exclusion of "expected or intended" injury identical to that in the instant case. Moore, the insured, brought a declaratory judgment action to require Farm Bureau to pay a $25,000 judgment rendered against him in a prior tort action by Ms. Strickland for negligently knocking her through a plateglass window. Farm Bureau refused to defend the tort action that was brought in two counts, one alleging assault and battery and the other alleging negligence. On the day of the trial the assault and battery count was withdrawn. The Supreme Court of Alabama recognized a line of cases imposing liability on insurance companies based upon the contractual duty to defend and the view expressed in *Miller v. United States Fidelity & Cas. Co., supra,* but rejected both. The Court noted that the insurer's duty to defend is more extensive than its duty to pay; *viz,* it may be obligated to defend groundless, false and fraudulent

suits. The Court also noted that the duty to pay turns upon coverage and may not be predicated upon a breach of the duty to defend, citing *Ladner & Co. Inc. v. Southern Guar. Ins. Co.*, 347 So.2d 100 (Ala.1977). It is our opinion that the attempt by Kelly to predicate liability upon Cherokee's refusal to defend is obviously less tenable in a suit upon the policy than if pursued by Hemphill, the insured.

■ The Alabama Court held that collateral estoppel would not prevent litigation of the coverage question, for the additional reason that that doctrine as applied in these circumstances is based upon (1) the binding effect of a judgment on parties and their privies, but without identity of interest there is no privity and (2) the judgment must have been rendered upon the identical point in issue in the suit on the policy. Because the question of whether the injury was expected or intended had not been the issue in the tort action, the judgment was not rendered on that identical point. These same observations are applicable to Kelly's contentions in this case. The Alabama Court's rationale is in accord with *Farm Bureau Mut. Automobile Ins. Co. v. Hammer, supra*, and *Glens Falls Ins. Co. v. American Oil Co., supra*. Similar results for similar reasons were reached in *Travelers Ins. Co. v. Godsey*, 260 Md. 669, 273 A.2d 431 (1971); *Granite State Ins. Corp. v. Mountain States, etc.*, 117 Ariz. 432, 573 P.2d 506 (App.1977) and *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976). *See also*, Restatement of Judgments § 107(a) (1942), as modified by Comment g.

■ The Court of Appeals held that Hemphill was a necessary party and should have been brought before the Court pursuant to T.R.C.P. § 19.01, citing *Dillingham v. Tri-State Ins. Co.*, 214 Tenn. 592, 381 S.W.2d 914 (1964), and *Clark v. Hartford Accident and Ind. Co.*, 61 Tenn.App. 596, 457 S.W.2d 35 (1970). Hemphill is not a necessary party under T.R.C.P. § 19.01. The insurance contract in this case authorizes any person who has secured a judgment against the insured to recover "to the extent of the insurance afforded under this policy." It is elementary that such a policy provision entitles a judgment creditor of an insured to bring a direct action against the insurer predicated upon the judgment alleged to be within the coverage of the policy without joinder of the insured. *Cf. Pyle v. Bituminous Cas. Corp., supra; Horton v. Employers' Liability Assur. Corp.*, 179 Tenn. 220, 164 S.W.2d 1016 (1942); Annot. 85 A.L.R. 20, 41 *et seq.* (1933); Annot., 106 A.L.R. 516, 520 *et seq.* (1937). *Dillingham* and *Clark* are inapposite.

■ We think it relevant to state, in view of the contentions of the parties before this Court on brief and in oral argument, that the applicability of the exclusion of expected or intended injury is to be determined upon actual facts, not on the allegations in the complaint filed in the tort action. *See Granite States Ins. Corp. v. Mountain States, etc., supra*. Nevertheless, that pleading is subject to any use that may be available under the rules of evidence.

This case is remanded to the Circuit Court of Shelby County for trial on the merits.

Costs are adjudged against petitioner, William Kelly.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.