IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2004 Session

## TEZOZOMOC "TED" ALCANTAR, ET AL. v. HAULERS INSURANCE COMPANY

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2237     Carol Soloman, Judge**

**No. M2003-01004-COA-R3-CV - Filed December 20, 2004**

This is an action against an insurance company that is alleged to have breached its duties to an insured by failing to provide a defense in a prior personal injury action, wherein a substantial default judgment was entered against the insured. The former plaintiffs, now judgment creditors, and the purported insured, now judgment debtor, have joined forces as plaintiffs in this action to recover damages, including the amount of the default judgment, the purported insured suffered due to the insurer's refusal to provide a defense. The trial court dismissed the action on a Tenn. R. Civ. P. 12 motion for failure to state a claim on which relief could be granted. We affirm. The judgment on which this action is based is void, because the relief granted therein by default judgment exceeded the relief sought. In the alternative, if the previous judgment on which this action is based is valid, the purported insured is not afforded coverage; the policy excluded injury or damage expected or intended from the standpoint of the insured and it was held in the previous judgment that the purported insured intended the collision and the Alcantars' injuries.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Barry E. Weathers, Nashville, Tennessee, for the appellants, Tezozomoc "Ted" Alcantar, and wife, Judy Alcantar.

Wendy Lynne Longmire and Julie Bhattacharya Peak, Nashville, Tennessee, for the appellees, Haulers Insurance Company, Inc.

### OPINION

This action arises from a previous personal injury action, *Alcantar, et. ux. v. Wadhwa, et. al.* (the "prior action"). Two of our three plaintiffs, Tezozomoc (Ted) and Judy Alcantar, were the plaintiffs in the prior action. They sued Rajiv Wadhwa, along with numerous other defendants, for personal injuries and damages resulting from a vehicular accident. Mr. Wadhwa was the driver of

a taxi which collided with the Alcantars. The taxi was owned by Chinedu Nwagwu, who was the named insured under a Business Auto Policy issued by Haulers Insurance Company. Haulers provided a defense to the owner of the taxi, Chinedu Nwagwu; however, it denied coverage to the taxi driver, Mr. Wadhwa.[1] Mr. Wadhwa did not obtain counsel or defend the action. Thus, the Alcantars were awarded a default judgment against Mr. Wadhwa in the amount of $459,460.[2] Haulers, which had previously denied coverage to Mr. Wadhwa, refused to indemnify him for the judgment.

Without the benefit of insurance coverage, Mr. Wadhwa was unable to satisfy the $459,460 judgment. Being of the opinion that he was insured under the Haulers Business Auto Policy and that he had a cause of action against Haulers for breaching its duties to defend and indemnify him for his liability to the Alcantars, Mr. Wadhwa entered into an agreement with the Alcantars whereby he assigned his cause of action against Haulers. Consequently, the Alcantars, the former plaintiffs and now judgment creditors, and Rajiv Wadhwa, the former defendant and now judgment debtor, joined forces to bring the present action against Haulers.[3] The Alcantars, as the assignees of Mr. Wadhwa's cause of action, allege that Haulers erroneously denied coverage to Mr. Wadhwa and thereby breached its duties under the policy and therefore is liable for the damages suffered by Mr. Wadhwa, including the $459,460 judgment the Alcantars obtained by default judgment.[4] Haulers denies liability.

### The Personal Injury Action
### *Alcantar, et. ux. v. Wadhwa, et. al.*

In order to properly analyze the issues presented, we must conduct an examination of the prior action. The Alcantars in the prior action were the plaintiffs. The defendants in the prior action included Rajiv Wadhwa, Mai Cagle d/b/a Music City Taxi Company, Chinedu Raphael Nwagwu,

---

[1] Haulers denied coverage and a defense to the taxi driver, Mr. Wadhwa, because the policy excluded injury or damage expected or intended from the standpoint of the insured, and its investigation established that the injuries suffered by the Alcantars in the collision were the expected and intended result of Mr. Wadhwa's intentional acts.

[2] The judgment awarded Ted Alcantar damages in the amount of $654,460, of which $200,000 is for punitive damages, and Judy Alcantar damages in the amount of $15,000, of which $10,000 is for punitive damages. The aforementioned punitive damages were assessed against another defendant, Mai Cagle d/b/a Music City Taxi Company. The judgment against Rajiv Wadhwa is the only one that pertains to this action.

[3] Initially, the Alcantars were the only plaintiffs. Thereafter, the complaint was amended to add Rajiv Wadhwa as an additional plaintiff. The amended complaint identifies Rajiv Wadhwa as a plaintiff, individually and as an assignor to the Alcantars.

[4] The complaint specifically alleges that (1) Rajiv Wadhwa was an insured of Haulers, (2) Haulers owed and breached a duty to defend Mr. Wadhwa in the previous action, (3) Haulers' refusal to defend Mr. Wadhwa constitutes bad faith, (4) Haulers owed and breached a duty to Mr. Wadhwa to inform Mr. Wadhwa that the damages sought against him by the Alcantars exceeded policy limits, (5) Haulers owed and breached the duty to inform Mr. Wadhwa that he had a right to retain independent counsel, and (6) Haulers owed and breached the duty to inform Mr. Wadhwa of the legal significance of Haulers' failure to provide a defense for him.

and Nasir Auto Sales, Inc. Of the defendants, only Chinedu R. Nwagwu was a named insured under the Haulers Business Auto Policy. The policy identified Chinedu Nwagwu's 1993 Ford Crown Victoria as the "covered auto." The policy also acknowledged that the covered auto was leased to Music City Taxi. The complaint alleged that Rajiv Wadhwa was the driver of the covered auto, a taxi, that his negligence caused the collision with the Alcantars. The complaint further alleged that Rajiv Wadhwa was driving the taxi within the scope of his employment and/or on the business of the other named defendants.

Haulers provided a defense in the prior action for Chinedu Nwagwu, its named insured and owner of the covered auto. The firm of Ortale, Kelly, Herbert & Crawford was retained to represent Chinedu Nwagwu. Haulers did not provide a defense for Rajiv Wadhwa and Ortale, Kelly, Herbert & Crawford did not represent Rajiv Wadhwa, only Chinedu Nwagwu.[5]

In the prior action, the Alcantars alleged *inter alia* that Rajiv Wadhwa's negligence and negligence *per se* was the proximate cause of their personal injuries. Specifically, the Alcantars alleged in paragraph 14 of their amended complaint that "Defendant Wadhwa negligently, recklessly, and wantonly operated the vehicle he was driving, in violation of Plaintiff Ted Alcantar's right of way, in that he had a duty to make a proper lookout before entering said lane, to obey the traffic lane restrictions and to drive carefully." The Alcantars alleged in Count I, entitled "Negligence of Defendant Rajiv Wadhwa," that the negligence of Mr. Wadhwa was "a direct and proximate cause of the collision and of the severe injuries and other damages suffered by Plaintiffs." Count I further alleged specific acts of common law negligence, including failure to keep a proper lookout, failure to maintain proper control of his vehicle and failure to yield the right of way.[6] In Count II, entitled "Negligence Per Se of Defendant Rajiv Wadhwa," the Alcantars alleged that "Defendant Wadhwa was guilty of negligence *per se* in violating statutes of the State of Tennessee and the Nashville Metropolitan Code which were in full force and effect at the time and place of the collision. . . ." The only statute identified was Tenn. Code Ann. § 55-10-205 (reckless driving). The Nashville Metropolitan Ordinances identified were § 12.68.180 (reckless driving), § 12.68.170 (failure to operate a vehicle in a careful and prudent manner), and § 12.12.110 (changed lanes before ascertaining that such movement could be made safely).[7] In their Amended Complaint, the Alcantars further alleged that "as a direct and proximate result of one (1) or more acts of negligence and negligence *per se* of Defendant Wadhwa, Plaintiff Ted Alcantar has suffered and continues to suffer

---

[5]Ortale, Kelly initially filed a notice of appearance on behalf of Mr. Wadhwa, however, the firm quickly filed a corrected notice of appearance to indicate that the firm represented Chinedu Nwagwu, not Rajiv Wadhwa. This circumstance is discussed more thoroughly later in this opinion.

[6]These allegations appear in paragraphs 25 and 26 of the amended complaint.

[7]These allegations appear in paragraphs 28 of the amended complaint.

prolonged personal injuries and damages. . . ." Similar allegations were made in the following paragraph concerning the injuries and damages allegedly suffered by Judy Alcantar.[8]

Contrary to the allegations of negligence in the complaint, the judgment in the prior action sets forth findings that "Rajiv Wadhwa acted willfully and maliciously in that he intended the harmful consequences of the collision and knew that it would occur." The judgment in the prior action does not set forth any findings that Rajiv Wadhwa acted negligently or that he was negligent or negligent *per se* or that the Alcantars' injuries and damages were the result of his negligence. To the contrary, the judgment expressly states that Mr. Wadhwa acted "willfully and maliciously" and that he "intended the harmful consequences" suffered by the Alcantars. Furthermore, the judgment expressly states "[t]hat as a direct and proximate result of the acts of the Defendants," which would be the intentional acts of Mr. Wadhwa, Ted Alcantar "suffered and continues to suffer pain" and "permanent personal injuries and damages." It further states "[t]hat as a direct and proximate result of the acts of the Defendants," which again would be the intentional acts of Mr. Wadhwa, Judy Alcantar "suffered and continues to suffer pain" and "permanent personal injuries and damages."[9] There is nothing in the judgment which states that either Ted or Judy Alcantar suffered any injuries as a result of Rajiv Wadhwa's negligence or that they were awarded damages as a result of Rajiv Wadhwa's negligence.

### Default Judgments: Restrictions on obtaining additional relief

The judgment from the prior action was a default judgment. Tenn. R. Civ. P. 54.03 provides that a judgment by default shall not be different in kind from that prayed for in the demand for judgment. A plaintiff's claim for relief is to be set forth in the complaint. Tenn. R. Civ. P. 8. The complaint that was served on Rajiv Wadhwa contained numerous allegations that the Alcantars suffered injuries and damages as a result of Mr. Wadhwa's negligence and/or negligence *per se*. The complaint that was served upon Mr. Wadhwa, however, did not contain any allegations that Mr. Wadhwa acted intentionally or willfully or that the injuries suffered by the Alcantars were the result of intentional or willful acts.[10]

---

[8] These allegations appear in paragraphs 35 and 36 of the amended complaint.

[9] The record does not explain why the judgment in the previous personal injury action awarded relief that was beyond that sought in the complaint served on Mr. Wadhwa. Though it is irrelevant to the issues presented, one might surmise that intentional acts may have been added to preclude the defendant Rajiv Wadhwa from obtaining relief in bankruptcy. If that is the case, it is most ironic for it is the same language that makes the judgment void as is explained in detail later in this opinion.

[10] An action is commenced by the filing of a complaint with the clerk of the court, Tenn. R. Civ. P. 3, who then shall forthwith issue the required summons and cause it and the complaint to be delivered for service upon the defendant. Tenn. R. Civ. P. 4.01(1). A plaintiff's claim for relief, demand for judgment, is to be set forth in the complaint or an amended or supplemental complaint. If a plaintiff seeks additional relief prior to trial, the plaintiff must amend the complaint pursuant to Tenn. R. Civ. P. 15 and cause it to be served on the defendant pursuant to Tenn. R. Civ. P. 5. The Alcantars never amended the complaint to set forth a demand for judgment based on intentional or willful conduct by

(continued...)

The complaint in the personal injury action alleged that negligent acts and omissions by Mr. Wadhwa caused the injuries and damages suffered by the Alcantars. The judgment, however, stated that the injuries and damages suffered by the Alcantars were the proximate result of the intentional acts of Mr. Wadhwa. That judgment expressly stated that Rajiv Wadhwa acted "willfully and maliciously in that he intended the harmful consequences of the collision." Thus, the only damages awarded the Alcantars were for injuries and damages they sustained as a proximate result of Mr. Wadhwa's intentional acts. Stated another way, the Alcantars were not awarded damages based on the negligent acts or omissions of Mr. Wadhwa. Therefore, the relief the Alcantars obtained against Mr. Wadhwa in the personal injury action exceeded the relief sought in the complaint that was served on Mr. Wadhwa.

Tenn. R. Civ. P. 54.03 provides that a court *shall not* give the successful party relief where "the opposing party had no opportunity to assert defenses to such relief."[11] The basic premise of Rule 54.03 is neither new nor novel and is consistent with prior case law. "[A] judgment or a decree which is beyond the fair scope of the pleadings is void." *Electric Controls v. Ponderosa Fibres of America*, 19 S.W.3d 222, 227 (Tenn. Ct. App. 1999); (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)); *accord Myers v. Wolf*, 34 S.W.2d 201, 203 (Tenn. 1931); *Lieberman, Loveman & Cohn v. Knight*, 283 S.W. 450, 452 (Tenn. 1926); *Phifer v. Mutual Benefit Health & Accident Ass'n*, 148 S.W.2d 17, 23 (Tenn. Ct. App. 1940).

> [T]he rule is firmly established that irrespective of what may be proved a court cannot decree to any plaintiff more than he claims in his bill or other pleadings." *Fidelity-Phenix Fire Ins. Co. v. Jackson*, 181 Tenn. 453, 181 S.W.2d 625, 629 (Tenn. 1944). In order to sustain a judgment, therefore, a plaintiff's complaint must contain sufficient allegations to support a finding of liability on the part of the defendant. *See Lancaster Mills v. Merchants' Cotton-Press & Storage Co.*, 89 Tenn. 1, 14 S.W. 317, 324 (Tenn. 1890). Moreover, the judgment cannot award relief that differs from the relief sought by the plaintiff's complaint or that is based upon a theory of liability that differs from that alleged in the complaint. *Fidelity-Phenix Fire Ins. Co.*, 181 S.W.2d at 629; *Lancaster Mills*, 14 S.W. at 324.

*Electric Controls*, 19 S.W.3d at 227.

The principle underlying this rule is that, "[S]ince the purpose of pleadings is to give notice to all concerned regarding what may be adjudicated, a judgment beyond the scope of the pleadings is beyond the notice given the parties and thus should not be enforced." *Brown*, 281 S.W.2d at 497. Our supreme court has explained that the rationale behind Tenn. R. Civ. P. 54.03 is that "a party has a right to assume that the judgment following his default will not go beyond the issues presented by

---

[10](...continued)
Mr. Wadhwa.

[11]Tenn. R. Civ. P. 54.03 provides an exception where the parties litigated issues beyond the pleadings; however, that exception is not available as to a party against whom a judgment is entered by default.

the complaint and the relief asked therein, and if a judgment other than that demanded is taken against him, he is deprived of his day in court. . . ." *Electric Controls*, 19 S.W.3d at 227 (citing *Cushman v. Cushman*, 178 Cal.App.2d 492, 3 Cal.Rptr. 24, 26 (1960)).

> The theory of this provision is that once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award. In a similar vein, unless all the parties in interest have appeared and voluntarily litigated an issue not within the pleadings, the court should consider only those issues presented in the pleadings. In sum, then, a default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded. Wright and Miller, *Federal Practice and Procedure* § 2263, at 99-100 (1973).

*Electric Controls*, 19 S.W.3d at 227-28 (citing *Qualls v. Qualls*, 589 S.W.2d 906, 909-10 (Tenn. 1979)); *accord Holder v. Drake*, 908 S.W.2d 393, 395 (Tenn. 1995); *Pittman v. Pittman*, No. 01A01-9301- CH-00014, 1994 WL 456348, at *4 (Tenn. Ct. App. Aug.24, 1994) (*no perm. app. filed*); *Harris v. Harris*, No. 01A01-9101-PB-00017, 1991 WL 111434, at *2 (Tenn. Ct. App. June 26, 1991) (*no perm. app. filed*).

A prior judgment is void where "the decree is wholly outside of the pleadings." *See Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996)(citing William H. Inman, *Gibson's Suits in Chancery* § 228 at 219-20 (7th ed. 1988)). While a "voidable" judgment is not subject to a collateral attack and is valid and binding until it is either reversed by an appellate court or is set aside on a complaint filed to impeach it, a "void" judgment is subject to collateral attack.[12]

Based on the foregoing, we find the Alcantars' default judgment against Mr. Wadhwa void and therefore of no legal effect. Since the Alcantars' judgment against Mr. Wadhwa is void, there is no $459,460 judgment for Mr. Wadhwa to assign to the Alcantars. Since the Alcantars are no longer the assignees of a judgment against Mr. Wadhwa upon which Mr. Wadhwa could base the

---

[12]If an action is brought for the purpose of impeaching or overturning a judgment, it is a direct attack upon it. On the other hand, "if the action . . . has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary, then the attack upon the judgment is collateral." *Gentry*, 924 S.W.2d at 680; *Turner v. Bell*, 279 S.W.2d 71, 75 (Tenn. 1955)(quoting *Jordan v. Jordan*, 239 S.W. 423, 445 (Tenn. 1922)).

present claim against Haulers, there is no basis for Plaintiffs' claim against Haulers.[13] Without the benefit of the judgment from the prior action, neither Mr. Wadhwa or the Alcantars sustained damages for which relief could be granted in this action. Accordingly, the trial judge acted properly by dismissing Plaintiffs' action pursuant to Tenn. R. Civ. P. 12.02(6) for failing to state a claim upon which relief can be granted.

## Haulers' Duty to Defend and Inform Wadhwa

We have determined that the judgment in the prior action is void. Though we are confident in our ruling, should we be incorrect and, thus, should the judgment be valid, Plaintiffs are still not entitled to recover. The reason for this is that the prior judgment, if valid, sets forth findings which establish that Mr. Wadhwa's actions and the consequences thereof were intended. The policy excludes coverage for intentional acts by an insured. Thus, if the previous judgment were valid Mr. Wadwha would not be afforded coverage, he would not be entitled to a defense, and he would not be entitled to indemnification for the consequences of his intentional acts.

On the day of the accident with the Alcantars, Mr. Wadhwa was driving the taxi, the covered "auto", with the permission of Music City Taxi, which was identified in the policy as the company to which the covered "auto" was leased. The named insured, Chinedu Nwagwu, leased the covered auto to Music City Taxi, which was authorized in the policy. The policy defines "insureds" to include anyone using with your permission a covered automobile the named insured owns, hires or borrows.[14] Thus, Mr. Wadhwa was an additional insured and therefore was, or would be, afforded coverage under the policy unless an exclusion applied. The Haulers Business Auto Policy at issue excluded injury or damage "expected or intended from the standpoint of the insured." The exclusion in the policy reads,

> This insurance does not apply to any of the following:
>
> 1.     Expected or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

---

[13]Though the claim is not before us, the only conceivable claim Mr. Wadhwa might have against Haulers for failing to provide a defense in the prior action would be the cost of defending the prior action. However, Mr. Wadhwa did not defend the prior action and did not incur expenses to retain counsel. Thus he has no damages to assign.

[14]The definition of "insureds" in the policy includes the following:

    a.     You [the named insured] for any covered "auto."
    b.     Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

The judgment upon which this action is based expressly states that the Alcantars' damages – the damages Plaintiffs seek to recover – were the proximate result of the intentional acts of Mr. Wadhwa. Though Mr. Wadhwa was an additional insured, based on the fact he was using the vehicle with permission, he was not afforded coverage, and therefore he is not entitled to indemnification for damages resulting from such intentional acts. Accordingly, Mr. Wadhwa was not insured for the damages awarded the Alcantars, and there was and is no coverage.

Plaintiffs argue that Haulers is bound by the prior judgment against Mr. Wadhwa. This argument however is terribly flawed. The prior judgment, if valid, does not hold Haulers liable; it holds Mr. Wadhwa liable. Moreover, since Haulers was not a party to the prior action, the judgment resulting from that action is not binding on Haulers.

> [T]he binding effect of a judgment against an insured does not extend to matters outside the scope of the insurance contract, and . . . the insurance company is neither obligated to defend nor is it bound by the findings of a court if the claim against the insured is not covered by the policy. To hold otherwise would be to estop the insurance company by the acts of parties in a transaction in which it has no concern and over which it has no control, and to deprive it of its day in court to show that the transaction is foreign to the insurance contract.

*Kelly v. Cherokee Insurance Co.*, 574 S.W.2d 735, 738 (Tenn. 1978)(citing *Farm Bureau Mutual Automobile Ins. Co. v. Hammer,* 177 F.2d 793, 800 (4th Cir. 1949)).

Assuming, *arguendo,* the judgment from the prior action is valid, the judgment establishes that Mr. Wadhwa's actions and the damages resulting therefrom are excluded from coverage. Thus, Haulers owed no duty to defend Mr. Wadhwa in the prior action, it was not obligated to inform him of his rights, and it is not obligated to indemnify Mr. Wadhwa as alleged.[15] Accordingly, if the judgment from the prior action were valid, as Plaintiffs contend, the trial judge acted properly by dismissing Plaintiffs' action pursuant to Tenn. R. Civ. P. 12.02(6) for failing to state a claim upon which relief can be granted.

---

[15]While Haulers was obviously confident that Mr. Wadhwa was not afforded coverage for the collision and the resulting damages to the Alcantars, and it was obviously confident that it had no duty to provide a defense to Mr. Wadhwa, Haulers had no way of knowing whether the resulting judgment would be based on Mr. Wadhwa's alleged negligence or on consequences intended by Mr. Wadhwa. Thus, Haulers was taking a calculated risk that the resulting judgment would be favorable. Had the judgment not provided that Mr. Wadhwa intended the collision and resulting damages, Haulers may have had a totally different situation on its hands. But that is not the case here. In essence, Haulers guessed right. Moreover, Plaintiffs have no claim against Haulers for unilaterally denying coverage and refusing to provide a defense without first seeking a declaratory judgment to assure that its calculated guess was correct. See *Kelly*, 574 S.W.2d at 738 (quoting *Hammer,* 177 F.2d at 800).

**Plaintiffs' Efforts to Disqualify Haulers' Legal Counsel**

Plaintiffs further allege that the trial court erred by not removing the firm of Ortale, Kelly, Herbert & Crawford. Plaintiffs' motion to disqualify the firm was based on the premise that the firm represented Mr. Wadhwa, at least initially, in the underlying personal injury action, and therefore, was precluded from representing a client who was adversarial to Mr. Wadhwa's interests in this litigation. The trial court correctly denied the motion because the premise of the motion is without a factual foundation. The firm never represented Mr. Wadhwa. Admittedly, the firm submitted a Notice of Appearance which listed Mr. Wadhwa as its client; however, the firm promptly filed a corrected Notice of Appearance indicating that it did not represent Mr. Wadhwa, that it only represented Mr. Nwagwu.[16] Moreover, the firm never notified Mr. Wadhwa that they represented him, and Mr. Wadhwa was never informed that they represented him nor was he of the impression that they represented him. The first notice of appearance was a mere clerical error that was promptly corrected without prejudice to Mr. Wadhwa, for at no time did Mr. Wadhwa rely on the mistaken impression that the firm represented him. Thus, the issue is without merit.[17]

**Other Issues**

Plaintiffs have raised two other issues. They argue that the trial court erred when it granted Haulers' motion for summary judgment based on the finding that the Alcantars breached the Release and Settlement of Claims Agreement when they brought this action against Haulers. We find this ruling is now moot based on our holding above, and we decline to discuss it further.

Plaintiffs also assert that the trial court erred when it ordered the Alcantars to pay Haulers $1,160.05 in discretionary costs. The premise of their argument is that Haulers should not have prevailed in the trial court, and therefore it is not entitled to discretionary costs. Since we affirm the trial court's dismissal of Plaintiffs' complaint, Haulers still prevails. Thus, Haulers is entitled to recover discretionary costs. We therefore affirm the award of discretionary costs to Haulers.

---

[16]In their brief, Plaintiffs correctly state that an attorney may not withdraw from representation of a client without leave of court. Rule 5.02, Davidson County Local Rules of Court. However, the firm never represented Mr. Wadhwa. Admittedly it filed a notice of appearance to that effect, but that was a clerical error which was promptly corrected. At no time did the firm represent Mr. Wadhwa.

[17]Haulers also attempted to disqualify counsel for Plaintiffs. A motion to that effect was filed and denied. The order denying the motion stated that the issue had been referred to the Board of Professional Responsibility, which determined that there was no conflict of interest and no justification to disqualify Plaintiffs' counsel, Barry E. Weathers.

## In Conclusion

The judgment of the trial court granting Haulers' Rule 12 Motion to Dismiss Plaintiffs' complaint is affirmed. This matter is remanded to the trial court for such other proceedings as may be necessary. Costs are assessed against Tezozomoc Alcantar and Judy Alcantar.

_____
FRANK G. CLEMENT, JR., JUDGE