[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 253 
In this case, plaintiff, on February 26, 1946, filed her petition for divorce against the defendant on the ground of adultery and also prayed for custody of the two children of the marriage, now 7 and 12 years of age. The petition contained no prayer for alimony to plaintiff, nor for support to the said children, but contained a prayer for "general relief." The defendant was personally served and, upon his failure to file an answer, the matter was duly referred to an advisory master and tried ex parte. No notice was given the defendant for any pecuniary allowances and he was not present, nor represented, at the final hearing. On the completion of proofs, a decree nisi
was advised and entered on September 17, 1946, in favor of plaintiff, dissolving the marriage. Decretal orders, awarding custody of the children to plaintiff and that the defendant pay to plaintiff $60 per week for support — $30 for the use of plaintiff, and $15 for each child, were included in the decree, which became final December 18, 1946. No appeal was taken. Defendant filed an application to modify the award downward, but no hearing was held thereon, and the pendency of that matter has continued. Meanwhile, defendant has made certain payments of support, to which will be hereafter referred.
By reason of the aforesaid order for allowances, plaintiff files two applications — (1) for an order fixing the amount of alimony due under the decree nisi and that defendant be *Page 254 
adjudged guilty of contempt; also for counsel fee and costs and for further relief as may be necessary, just or proper, and (2) for an order requiring defendant to pay a proper allowance for support and maintenance of the plaintiff and the said children,R.S. 2:50-37, counsel fee and costs and for further relief as the circumstances of the case render suitable and proper. Orders to show cause were allowed on both applications and on the return date, the matter was orally argued. At the conclusion thereof, decision was reserved as to the first application. As to the second, a date was fixed for taking proofs. On February 17, 1949, both parties appeared with their attorneys and the application to fix proper allowance was fully heard and decision reserved, with an opportunity to counsel to submit their memoranda.
On the first application, the question is whether or not the order of the advisory master is binding upon the defendant and such to support a judgment by the court now, for an amount of arrearages shown to be due thereon. Viewed in this respect, it cannot be avoided that the petition set forth no claim for alimony to plaintiff; that the defendant had no notice thereof, and at the trial, was afforded no opportunity to be heard. For all that might be said, the plaintiff sought for herself only a dissolution of her marital status, in no way interdependent upon the right to support. Such further relief could just as well be outside as within the claim or desire of the plaintiff at the time of filing her petition, and a basis for defendant to consider a postponement thereof to a subsequent proceeding, until when he could reverse his position in resistance of such relief. The right to alimony is separate and distinct from the right to divorce and not necessarily provided for by order upon the filing of a petition or the entry of a decree for divorce.
Likewise, it cannot be overlooked that the plaintiff, having proceeded ex parte, sought a judgment under defendant's default, in which circumstance, the court was without right to adjudge beyond the issues between the parties as contained in the petition. Moreover, the adjudication that defendant pay alimony under the pleading in the case sub *Page 255 judice, was without due process, for there was nothing before the court to show that defendant was required to meet that issue or that he had an opportunity to be heard. Nor does it appear that plaintiff's claim for alimony had propriety under the prayer for "general relief." Rule 61 of the old Chancery Court is urged to sustain the order, but my consideration of that rule is that it was to provide for the court's authority to completely satisfy such equitable relief as all issues before the court would require, but in no way operative in the absence of a presentation of an issue. See also Rule 3:54-4 under our present practice.
It should be noted that the situation before the court does not comprehend an application for alimony subsequent to the original suit; a procedure under sequestration; a duly made or authorized consent by defendant to pay alimony or a waiver of notice to be heard. It is a matter of settled law that in any such case, a binding award could be made, notwithstanding the failure of the plaintiff to include in her original petition a prayer therefor. But, as has been pointed out, the situation here is that the plaintiff sought no judgment for alimony and the defendant was not heard thereon. Furthermore, I do not believe that defendant's asserted oral understanding or his application to modify should be held to be a waiver of his right to be heard. Rather, the fact of defendant's oral understanding, if any, or his application addressed to the terms of the order under review, would give support to his utter lack of notice as appears in the petition and his opportunity to be heard as shown in the record of the final hearing.
In view of what has been said, I have determined that the provision for the payment of alimony to the plaintiff in the decree of September 17, 1946, may not be enforced, and that no judgment for arrearages should be found thereon.
I turn now to my consideration of the propriety of the disputed order in respect to the provision for support of the children of the marriage. In that instance, the situation is different. The duty of the defendant to support his off-spring is not dependent on any matrimonial status. It is *Page 256 
continuous, in any event, and wholly within his obligation. The filing of the petition in the case sub judice, setting forth the fact of the birth of the said children, was incidental to his responsibility, and being personally served, defendant was called upon to provide for their sustenance. Fatherhood is directly interdependent upon the duty to support and maintain. Children of parents engaged in marital dispute or dissolution must have the court to stand by them for in quite a direct sense, they are pawns and without capacity to care for themselves. In their interests, I believe the issue to fix a sum for their support under the petition in the case sub judice was within the authority of the advisory master, and the amount fixed in their behalf will be considered as having been duly determined and resadjudicata against any attack under the circumstances existing at the time of the entry of the decree. Accordingly, I have determined that the provision for support of the children of the marriage is enforceable and that payment thereunder is properly chargeable to defendant. In the case of Sermuks v. Sermuks,127 N.J. Eq. 364, the Court of Errors and Appeals upheld an award for children, although a decree for support of a wife in her claim for separate maintenance was denied. At page 365, the court said:
"The appellants argue that the Statute R.S. 2:50-39, provides a cause of action for separate maintenance only if a husband without justifiable cause shall abandon his wife and refuses or neglects to provide for her. That here the Court found no such elements; on the contrary it found that he had provided for his wife, therefore failing in establishing the necessary facts for separate maintenance no relief whatever should be granted. That is the rule as to the wife but does not apply to dependent children. The decree dismissed `as to the complainant only' but not as to the child. The Court had jurisdiction, R.S. 9:2-3, and heard testimony as to the needs of the child. The care, custody and support of the child was one of the issues in the case. The Statute, R.S. 9:2-3, supra, provides that the Court of Chancery shall have the same power over the custody, care, education and maintenance of minor children where the parents are living separately as if divorced. We conclude that it was proper for the Court to provide for the support of this infant."
Taking up now the second application before the court, it must be considered that plaintiff and the children have a *Page 257 
clear right to have an adjudication in their favor under the statute and a judgment therefor will be advised to be effective as of January 21, 1949, the filing date of such application.
After a careful review of all the proofs, the arguments of counsel, all the circumstances now appearing, and the law, I have concluded that defendant pay to plaintiff the sum of $45 per week, which shall be allocated as follows: $20 as alimony for the use of the plaintiff, and $12.50 as support and maintenance for each child of the marriage, until further order of the court. However, it becomes necessary to give consideration to the amount of moneys due and paid since the order of September 17, 1946, to adjust the account between the parties consistent with my conclusions.
By calculation, the period from the date of the disputed order to the date of this application amounts to 122 weeks, which, at $60 per week, would total $7,320 and at $30 per week, $3,660. As appears from the proofs, the defendant has paid $4,721.40 or $1,061.40 more than the weekly allowance for both children, at the rate of $30 weekly. Included in the stated balance of $1,061.40, as testified by the plaintiff, is the sum of $480, paid between October 7, 1948, and February 16, 1949, covering a period beyond January 21, 1949. In view of this, it will be necessary to have a calculation made of the moneys paid since January 21, 1949, to show a current basis for the commencement of payments under the second application. In other words, as such payments are to be made as of January 21, 1949, the defendant may take credit for such moneys actually paid after that date, but all moneys paid prior to the said date shall not be credited and any remaining sum from the balance of $1,061.40 shall be canceled and considered made as the voluntary act of the defendant.
I have further concluded, in view of the circumstances appearing, that the application to hold the defendant in contempt should be dismissed.
I will advise an order in accordance with the above. *Page 258