**Mae Roselyn Poole QUALLS, Plaintiff-Appellee,**

v.

**Leon QUALLS, Defendant-Appellant.**

Supreme Court of Tennessee.

Nov. 19, 1979.

Ken Burger, Murfreesboro, for plaintiff-appellee.

Scott Daniel, D. C. Daniel, Jr., Murfreesboro, for defendant-appellant.

OPINION

BROCK, Chief Justice.

The defendant husband in a divorce case brings this proceeding pursuant to Rule 60.-02, Tennessee Rules of Civil Procedure, to have set aside a provision in the default judgment which purports to require the husband to pay alimony in the sum of $150.00 per month until such time as the wife may remarry.

The ground asserted for such relief is that the complaint for divorce failed to allege any factual basis for an award of alimony and its prayer failed to request

that alimony be awarded. The trial court denied relief and the husband appealed to the Court of Appeals which held that the award of alimony was different in kind and exceeded in amount the relief demanded in the prayer of the complaint and, thus, was in violation of Rule 54.03, Tennessee Rules of Civil Procedure, which, in pertinent part, provides:

"Demand for Judgment—

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

Although the Court of Appeals held that the alimony provision of the default judgment was invalid, it, nevertheless, remanded the cause to the trial court to permit the wife to make appropriate amendments to the complaint praying for alimony, for the defendant to file an answer thereto and for a hearing on the merits of the alimony claim. Both parties have sought certiorari review in this Court of the judgment of the Court of Appeals and we have granted such review.

The complaint for divorce filed by Mrs. Qualls did not allege that she was entitled to alimony but it did allege that the parties owned certain specified real and personal property and that "the defendant is able bodied, has a regular income, and is capable of paying a reasonable attorney's fee for the plaintiff's representation in this cause." The prayer for relief sought an absolute divorce, that a "fair and equitable division be made of the parties' real and personal property," that the defendant husband be required to pay the plaintiff's attorney, Mr. Ken Burger, a reasonable attorney's fee for representation of the plaintiff in this cause and, finally, "for any such other and further general relief to which plaintiff may be entitled." The complaint and its prayer made no demand that the defendant be required to make periodic payments of alimony to the plaintiff.

The final decree entered in the divorce action contained the following provision:

"4. That the plaintiff, Mae Roselyn Poole Qualls, after having raised three children to adulthood, is in ill health and possesses a much lesser earning capacity than the defendant. The court, therefore, finds that the plaintiff should be awarded the sum of $150.00 per month as alimony in futuro, to terminate upon the remarriage of the plaintiff."

The complaint and summons were personally served upon the defendant husband. Prior to the hearing a document proposing a settlement of the financial matters involved in the divorce action was presented to the husband. This document, in addition to the provisions for attorney's fees and division of real and personal property, also contained a stipulation that the husband should pay alimony to the wife in the sum of $150.00 per month. The defendant husband struck through this alimony provision and then signed the agreement as thus altered and told the plaintiff wife that he would not pay her any alimony.

The defendant husband elected not to answer or otherwise appear in the divorce action and was not present when the ex parte hearing was conducted. However, a copy of the decree, including the requirement for the defendant to pay alimony of $150.00 per month, was furnished to the defendant husband within thirty days following the entry of said decree.

It appears that Mr. Qualls complied with all provisions of the decree except the requirement that he pay alimony and it also appears that the plaintiff made no attempt to enforce the alimony provision until approximately ten months following the entry of the decree when she had her attorney send a letter to the defendant demanding payment of the accumulated $1,500.00 alimony. In response to the letter, the defendant husband paid $300.00 but then changed his mind and retained an attorney who filed the motion under Rule 60.02, T.R. C.P., seeking relief from the provision of the divorce decree requiring payment of alimony.

## I

We concur in the decision of the Court of Appeals that the award of periodic alimony is both different in kind from and exceeded in amount the relief prayed for in the original complaint and, therefore, was in violation of Rule 54.03, T.R.C.P. The husband is thus entitled to relief under Rule 60.02, T.R.C.P. *See, Terrell v. Terrell,* 192 Tenn. 317, 241 S.W.2d 411 (1951). In this State a divorce may be granted without alimony, and alimony may be granted without decreeing a divorce, there being no necessary or absolute connection between divorce and alimony under the statute, T.C.A., § 36–820. *Williams v. Williams,* 146 Tenn. 38, 236 S.W. 938 (1921); *McBee v. McBee,* 48 Tenn. 558 (1870). Therefore, a prayer for general relief is not sufficient to support an award of alimony in a case in which the judgment is taken upon default of the defendant.

The principle governing our disposition of this issue is well stated in 27B C.J.S. *Divorce* § 244 (1959) as follows:

> "However, permanent alimony may not be granted in the absence of a special request therefor where defendant fails to appear in the action and judgment against him is entered by default or pro confesso, and statutes provide that, where defendant does not answer, the relief granted to plaintiff cannot exceed that which he has demanded and that necessarily incident thereto."

This rule is followed in those jurisdictions, such as Tennessee, wherein alimony is not a necessary incident of divorce and a default judgment may not award relief different from or greater than that demanded in the complaint. *Cushman v. Cushman,* 178 Cal.App.2d 492, 3 Cal.Rptr. 24 (1960); *McHan v. McHan,* 59 Idaho 496, 84 P.2d 984 (1938); *Rourke v. Rourke,* 8 Ind. 427 (1857); *Ermey v. Ermey,* 18 Wash.2d 544, 139 P.2d 1016 (1943); *Rinker v. Rinker,* 3 N.J.Super. 251, 64 A.2d 910 (1949); *Hazelwood v. Hazelwood,* Fla.App., 345 So.2d 819 (1977); *McCarrel v. McCarrel,* 48 Ill.App.3d 666, 6

Ill.Dec. 669, 363 N.E.2d 198 (1977); *Burson v. Burson,* 149 Colo. 566, 369 P.2d 979 (1962); 12 A.L.R.2d at 348. The opposite result is reached, of course, in those jurisdictions wherein alimony is regarded as a necessary incident to divorce. *Ecker v. Ecker,* 130 Minn. 472, 153 N.W. 864 (1915). *See* cases cited 12 A.L.R.2d at 345.

In California where the substance of Rule 54.03, T.R.C.P., has been incorporated in a statute for many years the Court in *Cushman v. Cushman, supra,* explained the rationale of the rule that a default judgment in a divorce action wherein the complaint fails to demand alimony is erroneous insofar as it purports to award alimony as follows:

> "The obvious reasoning behind the rule that where a divorce decree is entered by default, alimony may not be granted if not prayed for in the complaint, is that a party has a right to assume that the judgment following his default will not go beyond the issues presented by the complaint and the relief asked therein, and if a judgment other than that demanded is taken against him, he is deprived of his day in court (citations omitted); . . ." 3 Cal.Rptr. at 26.

A similar explanation has been made of Rule 54(c), F.R.C.P., which, of course, is the forerunner of our Rule 54.03, as follows:

> "The first sentence of Rule 54(c) states that a judgment by default is limited to the relief demanded in the complaint. The theory of this provision is that once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of

relief or a larger damage award. In a similar vein, unless all the parties in interest have appeared and voluntarily litigated an issue not within the pleadings, the court should consider only those issues presented in the pleadings. In sum, then, a default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded." Wright and Miller, Federal Practice and Procedure § 2663, at 99–100 (1973). *See also*, ALI Restatement of the Law, Second, Judgments, § 4, § 113.

Therefore, upon both principle and authority, we hold that the default judgment of the trial court was erroneous insofar as it awarded periodic payments of alimony, there being no allegation or prayer in the complaint with respect to the granting of such alimony.

## II

■ It is our further conclusion that the defendant husband is not estopped from seeking relief under Rule 60.02, T.R.C.P., and that he has not waived his right to such relief by reason of his payment to his former wife of $300.00 alimony in response to a letter from her lawyer demanding payment of $1,500.00 accrued alimony within ten days or be proceeded against by a petition for contempt, nor by his waiting until approximately eleven months from the entry of the divorce decree before filing the instant motion seeking relief under Rule 60.02, T.R.C.P.

To support her claim of waiver or estoppel, Mrs. Qualls relies upon the decision in *Chappell v. Chappell*, 37 Tenn.App. 242, 261 S.W.2d 824 (1950). However, the facts in the *Chappell* case are so different from those in the case at bar that we do not find that decision controlling. In *Chappell* the husband paid alimony payments regularly over a period of years before raising any

question about the validity of the decree, whereas, in the instant case, the husband has made only two monthly payments and that only after being threatened with contempt proceedings. In the instant case we find no basis for either waiver or estoppel.

## III

■ Finally, we consider the action of the Court of Appeals in remanding the case to the trial court with directions that the wife be permitted to amend her complaint to pray for alimony, that the defendant be permitted to respond thereto and that a hearing be conducted upon the merits of that issue.

Rule 60.02, T.R.C.P., provides:

"On motion <u>and upon such terms as are just</u>, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . ." (Emphasis added.)

The underlined language vests in the court a broad discretion with respect to the imposition of conditions which must be met by one who seeks relief from a final judgment under Rule 60.02. It is well recognized that a court in granting a motion to open or vacate a judgment may, within reasonable limits, impose such terms as it deems just and proper to prescribe. *Whereatt v. Ellis*, 70 Wis. 207, 35 N.W. 314 (1887); *Mosiac Templars of America v. Hall*, 220 Ala. 305, 124 So. 879 (1929); *Lilly-Brackett Co. v. Sonnemann*, 157 Cal. 192, 106 P. 715 (1910); *Winslow v. Anderson*, 20 N.C. 1; 46 Am. Jur.2d *Judgments* § 784 (1969) and cases there cited.[1]

■ We consider it only just and reasonable that as a condition to awarding relief to the defendant under Rule 60.02 the issue of alimony should be reopened in the trial court as provided in the decree of the Court of Appeals. We, therefore, affirm the action of the Court of Appeals in remanding

---

1. For a discussion of the variety of conditions which may properly be imposed in granting relief from a judgment under the rule, see Annot., 3 A.L.R. Fed. 956 (1970).

this case to the trial court with directions that the plaintiff be permitted to amend her complaint to ask for alimony, the defendant be permitted to answer such claim for alimony and that a hearing be afforded the parties on the merits of that issue. We prefer, however, to base such action upon the express authority of Rule 60.02, T.R. C.P., to require "such terms as are just" as a condition for granting relief, rather than upon the defendant's alleged acquiescence relied upon by the Court of Appeals in its opinion.

The judgment of the Court of Appeals is affirmed and costs incurred in this Court are assessed against the petitioner, Leon Qualls.

FONES, COOPER, HENRY and HARBISON, JJ., concur.