**Brenda Faye Marsh HALCOMB, Plaintiff–Appellee,**

v.

**Walter R. MARSH, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 16, 1987.

Affirmed by Supreme Court Sept. 8, 1987.

James H. Ripley, Sharp & Ripley, Sevierville, for defendant-appellant.

Bill W. Petty, Key, Lee, Layman, Child, O'Connor and Petty, Knoxville, for plaintiff-appellee.

OPINION

FRANKS, Judge.

The husband's T.R.C.P., Rule 60 motion seeking to set aside a divorce decree and property division was dismissed by the trial judge and the husband has appealed.

On July 27, 1984, the wife sued the husband for divorce and the husband was served with process on July 28, 1984. An agreed order signed personally by the husband was entered on September 20, 1984, ordering temporary support. On November 2, 1984, a default judgment and final decree were entered awarding the wife a divorce, child support and dividing the property owned by the parties. On November 29, 1985, the wife filed a petition to modify the amount of child support and, on

December 21, 1985, her former husband filed the Rule 60 motion to set aside the divorce judgment.

The trial court, after hearing evidence, declined to set aside either the divorce or the property settlement. Defendant argues his approval of the order entered as to temporary support constituted an appearance in the case by him and T.R.C.P., Rule 55.01, entitled him to written notice of the impending default judgment. In this connection, the trial judge determined:

> On the question of notice the Court finds without a question of a doubt that the defendant had actual knowledge of the trial date of November 2nd. The testimony of Mrs. Simcox was that she discussed this matter with the defendant within two weeks of the trial date, and at which time he suggested to her the actual trial date was coming up, that he knew about it, that in December of '84, shortly after the divorce he acknowledged that he was divorced, and on various other occasions acknowledged the divorce by stating that he wished the relationship was still legal through marriage. . . .

The evidence does not preponderate against the trial judge's determination that defendant knew of the trial date before the divorce and was made aware of the actual divorce shortly after the trial date. T.R.A.P., Rule 13(d).

While defendant argues he would be entitled to relief under T.R.C.P., Rule 60.02(5), the pleadings and the record establish if he is entitled to relief it would be under the grounds set forth in T.R.C.P., Rule 60.02(1). Since the action was filed more than one year from the entry of final judgment, relief based on subsection (1) of T.R.C.P., Rule 60.02, is barred. *Wallace v. Aetna Life & Casualty Co.*, 666 S.W.2d 66 (Tenn.1984).

Finally, defendant argues the property awarded plaintiff was more generous than the property division demanded in her complaint and, on the authority of *Qualls v. Qualls*, 589 S.W.2d 906 (Tenn.1979), the award is in contravention of T.R.C.P., Rule 54.03.[1] *Qualls* does not control because in *Qualls* Rule 60 relief was sought within eleven months from the entry of judgment; in this case, relief was sought after more than a year and is likewise barred. While it is not clear from the record when the defendant learned the details of the property division, the record establishes it was within a year of the judgment and relief is barred because the applicable ground would be T.R.C.P., Rule 60.02(2).[2] Accordingly, the judgment of the trial court is affirmed at defendant's cost and the cause remanded.

SANDERS and GODDARD, JJ., concur.

---

1. T.R.C.P., Rule 54.03, in pertinent part, provides:

    *Demand for judgment.*—A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.

2. T.R.C.P., Rule 60.02(2):

    [F]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . .