# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
MAY 25, 2010 Session

## DARA DEMETRA OWENS v. DANIEL LEE OWENS

**Direct Appeal from the Circuit Court for Franklin County**
**No. 15, 501-CV      Buddy D. Perry, Judge**

---

**No. M2009-02540-COA-R3-CV - Filed June 23, 2010**

---

Husband seeks to set aside a divorce decree and permanent parenting plan entered by default on the ground that the provisions of such differed significantly from the relief sought in Wife's complaint for divorce and proposed parenting plan. We reverse the trial court's decision insofar as it failed to grant Husband the relief sought.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Glen A. Isbell, Winchester, Tennessee, for the appellant, Daniel Lee Owens

Dara Demetra Owens (Currie), Decherd, Tennessee, *pro se*

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Dara Dametra Owens ("Wife") filed a "Complaint for Divorce" against Daniel Lee Owens ("Husband") in the Franklin County Circuit Court on December 12, 2005. Attached to her complaint was a proposed "Permanent Parenting Plan" which named Wife as the primary residential parent of the parties' four minor children, and provided Husband with the following visitation: alternating weekends, alternating fall and spring breaks, mostly-split holidays, and two weeks during the summer. The proposed plan further provided that the parties would jointly make major decisions regarding the children, that Husband would maintain medical insurance for the children, and that Husband could claim the children as a tax deduction, unless Wife obtained employment, in which case each party could claim two children. Neither Wife's complaint, nor the attached parenting plan, mentioned spousal support or requiring Husband to obtain life insurance.[1]

Husband acknowledges that he was properly served with the complaint for divorce and the proposed permanent parenting plan. However, he filed no answer, and a default judgment was entered against him in December 2006, and a final decree of divorce was entered in February 2007. Pursuant to the final decree, Wife was awarded $400.00 monthly spousal support for sixty months. The "Permanent Parenting Plan Order" attached to the final decree provided that Wife, alone, could make major decisions regarding the children, that Wife could claim all of the children as a tax deduction, and it required Husband to obtain a $100,000.00 life insurance policy payable to Wife. Furthermore, the permanent parenting plan altered visitation as follows: 1) Husband's two-week summer visitation was eliminated; 2) the "day to day" schedule was applied to fall and spring breaks; 3) Wife received each child for his or her full birthday;[2] and 4) Wife received two additional holidays: New Year's Day and Passover Day.[3]

In March 2007, Husband filed a "Motion to Vacate Default Judgment and Final Divorce Decree" claiming he had no knowledge of the motion for default or the final divorce proceedings. Husband claims no order denying his motion was entered, and none is in the record before us. Husband then filed a "Motion for Relief from Judgment or Order" pursuant

---

[1]In her divorce complaint, Wife sought an absolute divorce, an equitable division of the marital property, and "such other, further and general relief to which [she] may be entitled."

[2]Under the proposed parenting plan, a child's birthday was split between each parent.

[3]The permanent parenting plan also added alternating Halloweens and provided for each parent to spend his or her own birthday with the children.

to Rule 60.02 of the Tennessee Rules of Civil Procedure in September 2009 asserting the grounds now urged on appeal–that the divorce decree and the permanent parenting plan exceeded the requests for which Husband was afforded notice. Following a hearing in October 2009, Husband's motion for relief was denied without explanation. Husband timely appealed.

## II. ISSUES PRESENTED

Husband presents the following issues for review:

1. Whether the trial court erred in denying the Motion for Relief from Judgment or Order due to the Appellee's failure to give notice; and

2. If this Court determines the judgment to be void, whether Husband is entitled to a credit for alimony paid.

## III. STANDARD OF REVIEW

The party seeking to set aside a default judgment bears the burden of demonstrating that it is entitled to relief. *Taylor v. Taylor*, No. W2001-02247-COA-R3-CV, 2002 WL 1162336, at *4 (Tenn. Ct. App. May 29, 2002) (citing *Walker v. Baker*, 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987)). Our standard of review with respect to a trial court's decision to grant or deny a motion to set aside a default judgment is abuse of discretion. *Frier v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *4 (Tenn. Ct. App. Feb. 28, 2008) (citing *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Bronson v. Umphries,* 138 S.W.3d 844, 851 (Tenn. Ct. App. 2003) (citing *State ex rel. Vaughn v. Kaatrude,* 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). Under the abuse of discretion standard, we uphold the trial court's ruling "'so long as reasonable minds can disagree as to the propriety of the decision made.'" *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland,* 22 S.W.3d 266, 273 (Tenn. 2000)). We do not simply substitute our judgment for that of the trial court. *Id.* (citing *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998)).

## IV. DISCUSSION

Tennessee Rule of Civil Procedure 54.03, demands that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

> The obvious reasons for the rule are that a party has a right to assume that the judgment following his or her default will not go beyond the issues presented in the complaint and the relief sought therein, . . . and that it would be fundamentally unfair to permit the complaint to lead the defendant to believe that only a certain type and dimension of relief was being sought and then to permit the court to give a different type of relief or a larger damage award.

*Pittman v. Pittman*, Nos. 01-A-01-9301-CH00014, 87-077, 1994 WL 456348, at *4 (Tenn. Ct. App. Aug. 24, 1994) (citing 10 Charles A. Wright, et al., *Federal Practice & Procedure* § 2663, at 139-40 (2d ed. 1983)). As we explained above, the relief afforded to Wife in the divorce decree and the permanent parenting plan exceeded the relief prayed for in her divorce complaint and attached proposed parenting plan. Clearly, this excessive relief is in violation of Rule 54.03; thus, Husband is entitled to relief under Tennessee Rule of Civil Procedure 60.02.[4]

In Tennessee, there is no absolute connection between a divorce and spousal support. *Qualls v. Qualls*, 589 S.W.2d 906, 909 (Tenn. 1979) (citing *Williams v. Williams*, 236 S.W.

---

[4]Tennessee Rule of Civil Procedure 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tennessee Rule of Civil Procedure 60.02 states, in part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud . . . misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Although not addressed by the parties on appeal, we find that Husband sought relief "within a reasonable time." **Tenn. R. Civ. P. 60.02**. Husband filed a motion to vacate the judgment shortly after entry of the divorce decree and permanent parenting plan. However, as the trial court acknowledged, the record contains no disposition of this motion. Thereafter, Husband filed a second motion, the subject of this appeal, seeking relief.

938 (Tenn. 1921); *McBee v. McBee*, 48 Tenn. 558 (1870)). Therefore, Wife's prayer for general relief was insufficient to support a spousal support award via a default judgment. *Id.* Moreover, we find no absolute connection between the divorce proceedings and Wife's ability to claim the children as tax exemptions,[5] Wife's ability to solely make major decisions regarding the children, nor between the divorce proceedings and requiring Husband to obtain life insurance.[6]

Based on the failure to comply with Rule 54.03's requirement, we find the divorce decree erroneous insofar as it awarded spousal support to Wife, and the permanent parenting plan erroneous insofar as it required Husband to obtain life insurance, allowed Wife to claim the children for tax purposes, allowed Wife to make major decisions regarding the children, and altered the visitation provisions of the proposed parenting plan. The remaining provisions of such judgments shall stand. *See Pittman*, 1994 WL 456348, at *4 (citing *Qualls*, 589 S.W.2d at 910; *Overby v. Overby*, 457 S.W.2d 851, 852 (Tenn. 1970); *Brown v. Brown*, 281 S.W.2d 492, 499 (Tenn. 1955); *Terrell v. Terrell*, 241 S.W.2d 411, 414 (Tenn. 1951)). "This result comports with common sense, and any other result would lead to insurmountable confusion and illogical results." *Id.* "Vacating the entire divorce decree would undermine many divorces, spousal support awards, and child support awards after the parties have moved on with their lives in reliance upon the original decision." *Id.*

---

[5] The tax assumptions set out in the child support guidelines state that "[t]he alternate residential parent will file as a single wage earner claiming one withholding allowance, and the primary residential parent claims the tax exemptions for the child." **Tenn. Comp. R. & Reg. 1240-2-4-.03(6)(b)(2)(ii)**. However, the tax assumptions do not create a "rule" which the trial court must follow. *Farmer v. Stark*, No. M2007-01482-COA-R3-CV, 2008 WL 836092, at *9 (Tenn. Ct. App. Mar. 27, 2008) (citing *Eaves v. Eaves*, No. E2006-02185-COA-R3-CV, 2007 WL 4224715, at *8 (Tenn. Ct. App. Nov. 30, 2007)). Rather, "'[t]he decision of the trial court regarding the allocation of exemptions for minor children is discretionary and should rest on facts of the particular case.'" *Id.* (quoting *Chandler v. Chandler*, No. W2006-00493-COA-R3-CV, 2007 WL 1840818, at *9 (Tenn. Ct. App. June 28, 2007)).

[6] Tennessee Code Annotated 36-5-101(I) provides that "[t]he court *may* direct either or both parties to designate the children as beneficiaries under any existing policies insuring the life of either party, and maintenance of existing policies insuring the life of either party, or the purchase and maintenance of life insurance and designation of beneficiaries." (emphasis added). "'The legislature specifically left the determination of whether to order a party to procure insurance for the benefit of the other party and children of the marriage to the discretion of the trial court.'" *Dix v. Carson*, No. 02A01-9704-CV-00093, 1998 WL 886555, at *16 (Tenn. Ct. App. Dec. 17, 1998) *perm. app. denied* (Tenn. June 21, 1999) (citing *Young v. Young*, 971 S.W.2d 386, 392 (Tenn. Ct. App. 1997)).

## V. CONCLUSION

For the aforementioned reasons, we reverse the trial court's denial of Husband's motion for post-judgment relief and we remand to the trial court for entry of an order setting aside that portion of the divorce decree requiring Husband to pay spousal support. We further set aside those provisions of the permanent parenting plan requiring Husband to maintain life insurance, allowing Wife to make major decisions regarding the children and to claim the children as a tax exemption, and altering the visitation from that set forth in the proposed parenting plan. We direct the trial court to enter an amended parenting plan consistent with the proposed parenting plan with regard to tax exemptions, decision-making, and visitation. After the case is remanded to the trial court, Wife is free to amend her divorce complaint to seek spousal support. *See Pittman*, 1994 WL 456348, at *5 (citing *Qualls*, 589 S.W.2d at 910-11). If Husband opposes, the trial court shall conduct an evidentiary hearing. If the trial court determines that Wife is entitled to spousal support, it may enter an order directing Husband to begin paying spousal support from and after the date of the hearing, with a credit to be applied for alimony paid. *See id.* However, if the trial court determines that Wife is not entitled to spousal support, or if Wife fails to amend her divorce complaint to seek spousal support, Husband is entitled to reimbursement for spousal support paid. Costs of this appeal are taxed equally to Appellant, Daniel Lee Owens, and his surety, and Appellee, Dara Dametra Owens, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.