Eva Jean **HOLDER**, individually and as next friend and guardian of Jordan Carter, a minor, Plaintiff/Appellant,

v.

**T.L. DRAKE, d/b/a Jernigan Motors and Loal J. Carr, Defendants/Appellees.**

Supreme Court of Tennessee, at Nashville.

Sept. 25, 1995.

Robert L. Huskey, Manchester, for Plaintiff–Appellant.

J. Stanley Rogers, Charlotte V. Broyles, Rogers, Richardson & Duncan, Manchester, for Defendants–Appellees.

## OPINION

ANDERSON, Chief Justice.

The issue presented in this appeal is whether after a defendant has been adjudged in default the Tennessee Rules of Civil Procedure require service on a defendant of a motion to amend a complaint which increases the amount of damages sought. Based on the language of the Rules and the policy considerations of notice and fairness which the Rules were designed to advance, we conclude that service is required. Accordingly, we vacate that portion of the trial court's judgment awarding personal injury damages to the plaintiff and remand for a new trial on personal injury damages for the plaintiff.

### BACKGROUND

The plaintiff, Eva Jean Holder, filed a complaint alleging that she and her minor son were injured and that her car was damaged as a result of a collision with a wrecker owned by the defendant, T.L. Drake, d/b/a Jernigan Motors and operated by the defendant, Loal J. Carr. The complaint prayed for damages in the amount of $73,297.23 for Holder's personal injuries, $15,352.00 for her son's injuries, and $1,500.00 for property damage to her car.

Carr was served with the complaint on August 30, 1991, and Drake was served on August 31, 1991. Neither defendant filed a responsive pleading within the time period required. The plaintiff moved for a default judgment on November 21, 1991. The motion contains no certificate of service indicating that it was served on the defendants. On November 27, 1991, the trial court granted the motion and entered a default judgment against the defendants. About four months later, on April 6, 1992, the plaintiff filed a motion to amend her complaint, which the trial court granted, increasing her request for damages for her personal injuries from $73,297.23 to $273,297.23. The motion to

amend contains no certificate of service and apparently was not served on the defendants.

After a hearing on the issue of damages, the trial court, on May 5, 1992, entered a judgment awarding the plaintiff $1,500.00 for property damages, $2,705.60 for the injuries sustained by her son, and $178,060.40 for her personal injuries, which was $104,763.17 more than she had requested in her original complaint. No advance notice of the hearing was sent to the defendants; however, copies of the final judgment were mailed to the defendants at their last known addresses by the Circuit Court Clerk.

On March 8, 1993, about fifteen months after entry of the default judgment, the defendants filed a Rule 60, Tenn.R.Civ.P., motion to set aside the default judgment, asserting that their failure to respond to the complaint was caused by their "mistaken belief that all matters were being processed under the terms of their liability insurance contract with United States Fidelity and Guaranty Company (USF & G), and through USF & G's local agency, Bush Insurance Agency."

The trial court denied the Rule 60 motion because it was "not timely filed" and because "[t]he circumstances of the parties have changed, specifically with respect to the availability of witnesses." The Court of Appeals affirmed the trial court's denial of relief under Rule 60, but concluded that it could not "ignore the inconsistency between the amount of recovery sought by the plaintiff, Eva Jean Holder, in her original complaint . . . and the amount of damages awarded to her in the judgment . . ., [a]lthough not raised in the Trial Court or on appeal." As a result, the Court of Appeals remanded to the trial court with instructions that the defendants be afforded a "reasonable opportunity to challenge the validity of the amount of the final judgment." We granted the plaintiff's application for permission to appeal and now affirm, as modified, the Court of Appeals' judgment.

### SERVICE OF AMENDMENT

■ Our resolution of this issue of first impression is controlled by the Tennessee Rules of Civil Procedure. The plaintiff argues that she was not required to serve a copy of the motion to amend the complaint increasing her demand for damages for personal injuries upon the defendants because the amendment did not assert "new or additional claims for relief," as contemplated by Rule 5.01. The defendants, on the other hand, rely on Rule 54.03 and assert, where, as here, a plaintiff fails to serve an amendment increasing the demand for damages upon a defendant after the defendant has been adjudged in default, the amount of damages a plaintiff can receive is limited to the demand in the original complaint.

Rule 5.01, Tenn.R.Civ.P., is the general rule specifying which pleadings must be served upon the parties and the manner of service required. It provides:

Unless the Court otherwise orders, every order required by its terms to be served; every pleading subsequent to the original complaint; every paper relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties, **but no service need be made on parties adjudged in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons, or for constructive service, in Rule 4.**

(Emphasis added.) The requirement in Rule 5 that new or additional claims for relief against parties in default be served upon them "is based on notions of fairness, namely, that a party should receive notice of all claims for relief upon which judgment may be entered against him." 2 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 5.05 (2d ed. 1995) (discussing identical language in Fed. R.Civ.P. 5(a)). The rule is designed to ensure that a defendant receives notice that the "judicial process has been invoked to effect a coercive remedy against him." *Varnes v. Local 91, Glass Bottle Blowers Assn.*, 674 F.2d 1365, 1368 (11th Cir.1982). Although we are unable to find any authority specifi-

cally holding that an amendment increasing an ad damnum is a "new or additional claim" within the meaning of Rule 5.01, such a holding certainly would be consistent with the Rule's notice and fairness concerns.

Rule 54.03 specifically relates to default judgments and provides as follows:

A judgment by default shall not be different in kind from *or exceed in amount that prayed for in the demand for judgment.* Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

(Emphasis added.) In *Qualls v. Qualls,* 589 S.W.2d 906 (Tenn.1979), this Court discussed the policy behind Rule 54.03, citing a treatise discussing the federal counterpart.

"The first sentence of Rule 54(c) states that a judgment by default is limited to the relief demanded in the complaint. The theory of this provision is that once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action. **It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.** In a similar vein, unless all the parties in interest have appeared and voluntarily litigated an issue not within the pleadings, the court should consider only those issues presented in the pleadings. In sum, then, a default judgment may not extend to matters outside the issues raised

by the pleadings or beyond the scope of the relief demanded."

WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 2663, at 99–100 (1973). See also, ALI Restatement of the Law, Second, Judgments, § 4, § 113.

*Id.* at 910 (emphasis added).

Considering the language of Rules 5.01 and 54.03, and the policy considerations of *notice and fairness which the Rules were* designed to advance, we conclude that a motion to amend a complaint increasing the ad damnum must be served upon the party adjudged in default.

■ Applying that rule to this case, we conclude that the portion of the trial court's judgment awarding damages for personal injury to the plaintiff should be vacated. Because the plaintiff's motion to amend increasing the amount of damages was not served on the defendants, they were deprived of notice and an opportunity to take actions to protect their interests. We therefore agree with the Court of Appeals' conclusion that it would be "patently unjust" to allow a plaintiff to claim an additional amount of damages after obtaining a default judgment, "without notice and opportunity to the defendant who, although apparently content not to defend against the original smaller demand, is entitled to oppose and defend against the increased demand." It is this Court's duty to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires" and this Court *"may grant any relief, including the giving of any judgment and making of any order"* so long as the relief granted is not in contravention of the province of the trier of fact." Tenn. R.App.P. 36(a) (1995) (emphasis added). In accordance with that mandate, we remand this cause to the trial court for a new trial on damages for personal injury to the plaintiff.

### CONCLUSION

We conclude that a plaintiff who takes a default judgment and who thereafter amends the complaint to increase the damages sought must serve the defendant with the motion to amend in accordance with Tenn.

**396**

R.Civ.P. 4. Because the plaintiff here failed to comply with that rule, we vacate that portion of the trial court's judgment awarding personal injury damages to the plaintiff. We affirm those portions of the judgment awarding damages for personal injury to Holder's minor son, and for property damage to her car, and remand to the trial court for a new trial on personal injury damages to the plaintiff. Costs of this appeal are taxed equally between the parties.

DROWOTA, REID, BIRCH and WHITE, JJ., concur.