IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief April 22, 2002

## MELISSA GAY TAYLOR v. TERRY FRANKLIN TAYLOR, JR.

**Direct Appeal from the Chancery Court for Chester County**
**No. 9709     Joe C. Morris, Chancellor**

_____

**No. W2001-02247-COA-R3-CV - Filed May 29, 2002**

_____

Husband moved the trial court to set aside a default judgment and permanent parenting plan in this divorce action on the basis that the final decree and permanent parenting plan differed significantly from the relief sought in the complaint and temporary parenting plan filed by Wife. The trial court denied the motion and Husband appeals. We reverse the decision of the trial court insofar as it failed to grant Husband the relief sought.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in part;**
**Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Holly D. Bishop, Henderson, Tennessee, for the appellant, Terry Franklin Taylor, Jr.

Charles A. Spitzer, Jackson, Tennessee, for the appellee, Melissa Gay Taylor.

### OPINION

Melissa Gay Taylor (Wife) filed a complaint for divorce on February 15, 2001. She simultaneously filed an Affidavit For Temporary Parenting Plan and a temporary parenting plan was entered by the trial court also on February 15, 2001. The appellant, Terry Franklin Taylor, Jr. (Husband) failed to file a timely response to the complaint. A motion for default judgment and a notice of hearing were filed on April 20, 2001. Husband acknowledges that he received same. The complaint states in pertinent part as follows:

That the Plaintiff be designated to be the primary residential parent of the parties' minor children, both temporary and permanent, with the parties having joint time with the minor children pursuant to the attached Temporary Parenting Plan.

The temporary parenting plan provides that Mother shall have responsibility for the care of the children except that Father shall have responsibility for their care from Friday at 6:00 p.m. to Sunday at 6:00 p.m. every other week and week days from 4:30 p.m. to 7:00 a.m. The section of the temporary parenting plan dealing with child support is blank. However, the affidavit for temporary parenting plan provides that "child support is being requested [ ] and that the obligors-parent's gross monthly income, as defined by the Tennessee Child Support Guidelines, is the sum of $294." The final decree of divorce was entered by the trial court on May 17, 2001, granting Wife a divorce and designating her as the primary residential parent of the parties' two minor children. The decree further provides that "with the Defendant being granted standard residential time with the children every other weekend visitation from Friday at 5:00 p.m until Sunday at 5:00 p.m. with the Defendant picking up the children from the babysitter on Friday and delivering said minor children to Plaintiff's mother's home on Sunday." The decree further provided that Husband shall pay child support in the amount of $344[1] per month with said payments to be made by wage assignment. The decree recites that said child support payments are in accordance with the guidelines established by the Department of Human Services for the State of Tennessee.

The permanent parenting plan, adopted and approved by the court as an order of the court on May 17, 2001, provides that Mother will have responsibility for the care of the children except from Friday at 5:00 p.m. to Sunday at 5:00 p.m. every other week. It further provides that the parents shall each get one-half spring break period and Mother shall be responsible for the care of the children during the summer except for two consecutive weeks.

On June 14, 2001, Father filed a motion pursuant to Rule 60.02 Tenn. R. Civ. P. to set aside the final decree of divorce wherein he states that he was not served with a copy of the proposed permanent parenting plan prior to the hearing and that the permanent parenting plan differs from the temporary parenting plan with respect to both the amount of time he would be allowed with the children and child support. We note that the complaint does not seek child support payments, apparently because the complaint requested that the parties have joint time with the minor children pursuant to the attached temporary parenting plan. The motion was denied and this appeal resulted presenting the sole issue of whether the trial court erred in failing to set aside the final decree of divorce.

Husband contends that, while he allowed a default judgment to be taken by virtue of his failure to file a response to the complaint, the final decree and adoption of the permanent parenting plan should be set aside because of the discrepancies between the relief sought in the complaint and set forth in the temporary parenting plan, which were served upon him and for which he had notice, and the final decree and permanent parenting plan. Husband further relies upon Rule 54.03 Tenn. R. Civ. P. which provides:

---

[1]As heretofore noted, the Affidavit For Temporary Parenting Plan stated Husband's current *gross* monthly income to be $294.00. Also, the box which follows the language "Child support is being requested" was not marked.

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

Tenn. R. Civ. P. 54.03. Husband requests that this Court reverse the final decree to the extent that it exceeds the relief prayed for.

Mother argues that Tennessee Code Annotated § 36-6-406(e) provides that in entering a permanent parenting plan, the court shall not draw any presumptions from the provisions of the temporary parenting plan. She further cites section 36-6-404(c)(3) which provides that if the parties have not reached an agreement on a permanent parenting plan, each party shall file and serve a proposed plan and failure to comply by a party may result in the court's adoption of the plan filed by opposing party if the court finds such plan to be in the best interests of the children. In light of the significant differences between the complaint and temporary parenting plan and the final decree and permanent plan, we do not find her argument persuasive.

We are given guidance in this matter by our supreme court in *Qualls v. Qualls*, 589 S.W.2d 906 (Tenn. 1979), wherein husband filed a Rule 60.02 motion to set aside a provision in the default judgment which purports to require the husband to pay alimony when the complaint for divorce failed to allege any factual basis for an award of alimony and failed to request that alimony be awarded. The court held that since the award of periodic alimony was both different in kind from and exceeded in amount the relief prayed for in the original complaint, it was in violation of Rule 54.03 Tenn. R. Civ. P. and husband was entitled to relief under Rule 60.02. The court further noted that a prayer for general relief was not sufficient to support an award of alimony. The court discussed the policy behind Rule 54.03, citing a treatise discussing the federal counterpart.

> The first sentence of Rule 54(c) states that a judgment by default is limited to the relief demanded in the complaint. The theory of this provision is that once the defending party receives the original pleading he should be able to decide on the basis of the relief requested whether he wants to expend the time, effort, and money necessary to defend the action. *It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.* In a similar vein, unless all the parties in interest have appeared and voluntarily litigated an issue not within the pleadings, the court should consider only those issues presented in the pleadings. In sum, then, a default judgment may not extend to matters outside the

issues raised by the pleadings or beyond the scope of the relief demanded. Wright and Miller, Federal Practice and Procedure § 2663, at 99-100 (1973). *See also*, ALI Restatement of the Law, Second, Judgments, § 4, § 113.

*Qualls*, 589 S.W.2d 909-910 (emphasis added).

The court affirmed the action of the Court of Appeals and remanded the case to the trial court with directions that the Plaintiff be permitted to amend her complaint to ask for alimony, the defendant be permitted to answer such claim for alimony and that a hearing be afforded the parties on the merits of that issue.

In *Holder v. Drake*, 908 S.W.2d 393 (Tenn. 1995), the plaintiff filed a complaint alleging that she and her minor son were injured as a result of the defendant's negligence. The complaint prayed for damages in the amount of $73,297.23 for mother's injuries. The defendants were served with process and neither filed a responsive pleading within the time period required. The plaintiff moved for a default judgment. The motion contained no certificate of service indicating that it was served on the defendants. The court granted the motion and entered a default judgment against the defendants. About four months later, the plaintiff filed a motion to amend her complaint, which the trial court granted, increasing her request for damages to in excess of $273,000.[2] Defendants filed a Rule 60 motion which the trial court denied. The plaintiff argued that she was not required to serve a copy of the motion to amend the complaint increasing her demand for damages because the amendment did not assert "new or additional claims for relief" as contemplated by Rule 5.01 Tenn. R. Civ. P. This rule, which deals with the service and filing of pleadings and other papers, contains language to the effect that no service need be made on parties adjudged in default for failure to appear, except that pleadings asserting new or additional claims for relief shall be served upon them. Plaintiff contended that, since she sued to recover for her personal injuries in the original complaint, she did not assert new or additional claims for relief. Defendant countered that Rule 54.03 provides that a judgment by default shall not exceed an amount that was prayed for in the demand for judgment. The court ruled that "[c]onsidering the language of Rules 5.01 and 54.03, and the policy considerations of notice and fairness which the rules were designed to advance, we conclude that a motion to amend the complaint increasing the addamnum clause must be served upon the party adjudged in default." *Holder*, 908 S.W.2d at 395. The court vacated that portion of the trial court judgment awarding personal injury damages to the plaintiff and remanded to the trial court for a new trial on her personal injury damages.

In the unreported case of *Sedberry v. Sedberry*, No. 02A01-9406-CH-00150, 1995 WL 649955, at * 2 (Tenn. Ct. App. Nov. 2, 1995) (*no perm app. filed*), authored by Judge Crawford, this Court reversed the order of the trial court denying a motion to set aside a default judgment. The plaintiff filed a complaint for divorce in Tennessee against the defendant, a resident of Texas. The parties were granted a decree of separate maintenance in Arkansas prior to the filing of the complaint

---

[2]The motion for default judgment in the instant case contains a certificate of service executed by Wife's attorney verifying that a copy of the motion had been mailed to Husband.

in Tennessee. Defendant failed to answer and a motion for default judgment was filed, but the motion was never sent to the defendant, as evidenced by the lack of a certificate of service on the motion. A judgment for divorce was entered by default but the decree eliminated several portions of the Arkansas decree for separate maintenance. Plaintiff's complaint specifically sought to have the separate maintenance decree incorporated in the final decree of divorce. However, when the default judgment was entered the trial court proceeded to eliminate or otherwise change material provisions of the decree to the detriment of the defendant. This Court noted that "[w]e will not prolong this opinion by detailing plaintiff's other assertions as to why the default judgment should be set aside, because it is clear from the record that the relief granted to plaintiff exceeds the relief prayed for in the complaint." *Sedberry*, at *2.

The party seeking to set aside a default judgment has the burden of demonstrating that it is entitled to relief. *Walker v. Baker*, 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987). A motion to set aside a default judgment is addressed to the discretion of the trial court. *Moore v. Palmer*, 675 S.W.2d 192, 194 (Tenn. Ct. App. 1984). Trial courts should grant relief whenever any reasonable doubt exits concerning whether the default judgment should be set aside. *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

As heretofore noted, the motion for default judgment was served upon Husband, as evidenced by the certificate of service. However, the motion prays that the Plaintiff is entitled to a default judgment against Defendant for the relief for which she prayed in her complaint. The complaint did not seek child support and prayed that Wife be designated the primary residential parent of the parties' minor children, with the parties having joint time with the minor children pursuant to the attached temporary parenting plan. The temporary parenting plan provided that Mother have responsibility for the care of the children except for Friday at 6:00 p.m. to Sunday at 6:00 p.m. every other week and week days from 4:30 p.m. to 7:00 a.m. The portion of the temporary parenting plan concerning child support was blank. When the permanent parenting plan was ordered and approved, it simply provided that Mother would have responsibility for the care of the children except from Friday at 5:00 p.m. until Sunday 5:00 p.m. every other week and provided that the parents would share spring break equally and Father would have two weeks during the summer. The permanent plan further provided that Father would pay child support in the amount of $344 per month plus $17.20 clerk's fee for a total of $361.20, that Mother would receive a tax deduction for the children and the Father would maintain medical insurance on the children with uncovered expenses to be divided equally between the parties. It further provided that Father would insure his life in the amount of $50,000.

This Court is of the opinion that the trial court erred in denying Father's motion to set aside the default. The relief sought by Husband on appeal is that this Court should reverse the divorce decree incorporating the permanent parenting plan and wage assignment entered by default and he requests that the temporary parenting plan be reinstated pending a final hearing of this cause. The default judgment entered by the trial court is vacated insofar as the adoption of the permanent parenting plan and wage assignment is concerned. This cause is remanded to the trial court for a hearing on the merits on the issue of the permanent parenting plan, including child support. The

final decree of divorce is otherwise affirmed. Costs of this appeal are taxed one-half to Melissa Gay Taylor and one-half to Terry Franklin Taylor, and his surety.

                                                    _____

                                                    DAVID R. FARMER, JUDGE