IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2021

## TRACEE ANNETTE HIGGINS v. LAURA SMITH MCCORD

**Appeal from the Circuit Court for Marion County**
**No. 18673          Thomas W. Graham, Judge**

———————————————————

### No. M2021-00789-COA-R3-CV

———————————————————

This personal injury action arose following a motor vehicle accident. The plaintiff timely commenced an action in which she sought $1 million in compensatory damages and $1 million in punitive damages. After the defendant was served but failed to file an answer to the complaint, the plaintiff filed a motion for default judgment, which the trial court granted as to liability only, leaving open the amount of damages to be awarded. The case remained dormant for seven years until the plaintiff was granted leave to file an amended complaint that increased the request for compensatory damages from $1 million to $2 million. The amended complaint, however, was never served on the defendant. Thereafter, a final judgment was entered in which the plaintiff was awarded the monetary damages she sought in the amended complaint, that being $2 million for compensatory damages and $1 million for punitive damages. Seventeen months later, and after paying $30,000 toward the $3 million judgment, the defendant filed a Tennessee Rule of Civil Procedure 60.02(3) motion to set aside the default judgment on the ground the judgment was void ab initio for lack of personal jurisdiction. The plaintiff opposed the motion arguing, *inter alia*, that the Rule 60.02(3) motion was untimely and that it should be denied based on exceptional circumstances as recognized in *Turner v. Turner*, 473 S.W.3d 257 (Tenn. 2015). Following a hearing and finding the motion timely, the trial court determined (1) that the defendant had not been served with the amended complaint, (2) that the judgment was void, and (3) that the plaintiff had not proven the requisite exceptional circumstances to deprive the defendant of Rule 60 relief due to the plaintiff's failure to establish another person's detrimental reliance on the void judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

John H. Cameron, Sr., Jasper, Tennessee, for the appellant, Tracee A. Higgins.

Paul D. Cross, Monteagle, Tennessee, for the appellee, Laura S. McCord.

## OPINION

Tracee A. Higgins ("Plaintiff") and Laura S. McCord ("Defendant") were in a car accident on May 27, 2009. Plaintiff complained that she sustained injuries from the accident and subsequently filed suit against Defendant, asserting claims for common law negligence, negligence per se, and gross negligence.

The initial Complaint, which was filed on October 30, 2009, sought $1 million in compensatory damages and $1 million in punitive damages. Defendant was properly served on November 2, 2009; however, Defendant never filed a responsive pleading or an Answer. Resultantly, Plaintiff filed a Motion for Default Judgment. The trial court granted the motion and entered an order of default judgment against Defendant on December 18, 2009, which permitted Plaintiff to proceed ex parte. The default judgment did not award monetary damages; thus, the issue of Plaintiff's damages remained to be determined.

The case lay dormant until Plaintiff filed an Amended Complaint on October 20, 2016.[1] Notably, the Amended Complaint incorporated the allegations from the initial Complaint and increased the request for compensatory damages from $1 million to $2 million. Defendant was never served with the Amended Complaint.

Following an evidentiary hearing, the trial court entered a Final Judgment on August 18, 2017, awarding Plaintiff $2 million in compensatory damages and $1 million in punitive damages. Shortly after the Final Judgment was entered, the Judgment and a Notice of Lien Lis Pendens were filed in the Register's Office of Marion County.

In November of 2017, Defendant entered into a contract to sell a parcel of real property she owned; however, she was unable to close on the contract due to the recorded lien. After negotiations, Plaintiff executed a partial lien release in exchange for a $30,000 payment toward the judgment from Defendant.

On May 22, 2020, Defendant filed a Rule 60.02(3) Motion seeking relief from a void judgment.[2] Defendant argued that the August 18, 2017 Judgment was void because the Amended Complaint increased the damages requested but was never served on Defendant. She specifically relied on *Holder v. Drake*, 908 S.W.2d 393 (Tenn. 1995),

---

[1] Shortly prior to the filing of the Amended Complaint, Plaintiff filed a Request for Admissions on September 6, 2016, followed by a Supplemental Request for Admissions on September 9, 2016. Similar to the Amended Complaint, the Requests for Admissions were never served on Defendant.

[2] At the same time Defendant also filed an independent action to set aside the judgment as void; however, that action is not at issue in this appeal.

which explained that when a plaintiff takes a default judgment and then increases the damages sought in a subsequent amended complaint, the defendant must be served with process in accordance with Tennessee Rule of Civil Procedure 5.01. Defendant later amended her Rule 60.02(3) motion to allege that the Default Judgment rendered on December 18, 2009, was no longer enforceable pursuant to Tennessee Code Annotated § 28-3-110(a)(2).

In Plaintiff's response to Defendant's Rule 60.02(3) Motion,[3] Plaintiff conceded that the August 18, 2017 Judgment was void for the reasons asserted by Defendant. However, Plaintiff argued that relief pursuant to Rule 60.02(3) "from a void judgment may be denied if certain exceptional circumstances exist." *Turner*, 473 S.W.3d at 279. Plaintiff argued that such exceptional circumstances were present because Defendant treated the judgment as valid by making a $30,000 payment toward the judgment, causing Plaintiff to rely on the validity of the Judgment. Alternatively, Plaintiff asked the court to set aside the August 18, 2017 Judgment and render judgment on the initial Complaint.

In its order granting Defendant's Amended Rule 60.02(3) Motion, the trial court made the following findings:

1. It is uncontested that the judgment of August 18, 2017 which was based on (1) an Amended Complaint that lacked service upon the Defendant and (2) was further based on a Request to Admit that likewise was not served on the Defendant is void and of no legal effect.

2. ***The only way the Court could deny the Defendant's Motion would be if two (2) exceptional circumstances are established. Specifically: (1) the Defendant must have accepted the validity of the judgment and (2) another person is shown to have relied on the void judgment to their detriment. The requirement of detrimental reliance by another person has simply not been established.***

3. This case cannot now be reheard because the ten (10) year statute of limitation on actions on judgments expired on December 18, 2019.

(Emphasis added).

---

[3] Plaintiff opposed Defendant's Rule 60.02(3) Motion by filing a response, which included Plaintiff's own Rule 60.02(5) Motion. While Plaintiff's motion practice was unorthodox, it did serve the purpose of opposing Defendant's Rule 60.02(3) Motion.

The court explained that the August 18, 2017 Judgment was void ab initio for lack of personal jurisdiction over Defendant and that further action on the December 18, 2009 Default Judgment was barred by Tennessee Code Annotated § 28-3-110(a)(2).

Following this order, Plaintiff filed a Rule 59.04 Motion to Alter or Amend, asking the court to enter a judgment against Defendant for the damages requested in the initial Complaint. Plaintiff also insisted that Defendant's Rule 60 Motion had not been timely filed.

The trial court denied Plaintiff's Rule 59.04 Motion, explaining that Plaintiff's motion was futile because the August 18, 2017 Judgment was void and because further action on the December 18, 2009 Default Judgment was barred by Tennessee Code Annotated § 28-3-110(a)(2). The court further noted that void judgments may be attacked at any time.

This appeal followed.

## ISSUES

Each party identified three issues for our consideration,[4] which we restate as follows: (1) whether Defendant's Rule 60.02(3) Motion was timely filed; (2) whether the trial court abused its discretion in granting Defendant relief from a void judgment; and

---

[4] Appellant's issues were stated as follows:

1. The trial court erred in granting the Defendant's Rule 60 Motion in that the Defendant accepted the validity of the judgment and the Plaintiff relied on the void judgment to her detriment.

2. The Court erred in not granting the Plaintiff's Rule 60 Motion to reinstate the one-million-dollar ($1,000,000) verdict.

3. The trial court erred in granting the Defendant's Rule 60 Motion even though the Motion was filed thirteen (13) months after the entry of the original judgment.

Appellee's issues were stated as follows:

1. The trial court ruled correctly in granting Defendant's Rule 60 Motion in that first, the judgment attacked by the Rule 60 Motion was indisputably void, and the facts of this case do not satisfy the criteria set forth by the case of *Turner v. Turner*, which provides a very limited, exceptional circumstances escape valve from the operation of Rule 60 to a void judgment.

2. The trial court ruled correctly in denying Plaintiff's Rule 60 Motion.

3. The trial court ruled correctly that Defendant's Rule 60 Motion was not untimely.

(3) whether the trial court erred in denying Plaintiff's motion to reinstate the 2009 Default Judgment.

## STANDARD OF REVIEW

In general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure pursuant to the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012) (citing *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). Likewise, this court has previously explained that "[w]e review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). "An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Medical Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Thus, a court abuses its discretion "when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (alterations in original) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id*.

## ANALYSIS

Defendant argues, and Plaintiff concedes, that the August 17, 2018 Judgment was void ab initio because Plaintiff failed to serve Defendant with the Amended Complaint, which increased her claim for compensatory damages as requested in the initial Complaint.[5] Yet, Plaintiff contends that the trial court erred by granting Defendant's Rule 60.02(3) Motion because Defendant's Rule 60.02(3) Motion was not timely filed.

---

[5] Tennessee Rule of Civil Procedure 5.01 explains when service of process is required and specifies:

> [N]o service need be made on parties adjudged in default for failure to appear, *except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons*, or for constructive service, in Rules 4, 4A, or 4B.

(Emphasis added).

In *Holder v. Drake*, 908 S.W.2d 393 (Tenn. 1995), the Tennessee Supreme Court reasoned that an amendment which increased an *ad damnum* is a "new or additional claim" within the meaning of Rule 5.01 and "that a Plaintiff who takes a default judgment and who thereafter amends the complaint to increase the damages sought must serve the defendant with the motion to amend in accordance with Tenn. R. Civ. P. 4." *Id.* at 394–96. Thus, Plaintiff was required to serve Defendant with the Amended Complaint, and because she did not, the August 18, 2017 Judgment is void for lack of personal jurisdiction.

Alternatively, Plaintiff contends that even if the motion was timely filed, the trial court abused its discretion in granting Rule 60 relief because exceptional circumstances exist.

## I. TIMELINESS OF THE RULE 60.02(3) MOTION

Tennessee Rule of Civil Procedure 60.02 provides that after an order is final, a court may relieve a party from a final judgment "[o]n motion and upon such terms as are just," based on the following grounds:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud . . . , misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged . . . ; or (5) any other reason justifying relief from the operation of the judgment.

Notably, Rule 60.02(3) specifically provides relief from a final judgment when "the judgment is void."

Plaintiff insists that because Defendant's Rule 60.02(3) Motion was filed nearly three years after the August 18, 2017 Judgment became a final judgment, the motion was time-barred. Conversely, Defendant argues that her Rule 60.02(3) Motion was not subject to the reasonable time filing requirement of Rule 60.02; therefore, it was appropriate for the trial court to grant her relief.

Motions made under Rule 60.02 must be made within a "reasonable time," and motions brought under subsections (1) and (2) must be filed within one year after entry of the judgment. *Id.* However, "the reasonable time filing requirement of Rule 60.02 does not apply to petitions seeking relief from void judgments under Rule 60.02(3)." *Turner*, 473 S.W.3d at 260. Rather, void judgments may be attacked at any time. *Id.* at 279.

Because Defendant was seeking relief from a void judgment pursuant to Rule 60.02(3), the motion was timely filed. Accordingly, the trial court applied the correct legal standard in determining that Defendant's motion was timely.

## II. DENIAL OF RULE 60.02(3) RELIEF BASED ON EXCEPTIONAL CIRCUMSTANCES

While Rule 60.02(3) motions are not subject to the reasonable time filing requirement, relief from a void judgment "may be denied if certain exceptional circumstances exist." *Turner*, 473 S.W.3d at 279.

The Supreme Court held in *Turner* that relief from a void judgment should nevertheless be denied "if the following exceptional circumstances exist: '(1) [t]he party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and (2) [g]ranting the relief would impair another person's

substantial interest of reliance on the judgment.'" *Id.* at 260 (quoting Restatement (Second) of Judgments § 66 (Am. Law Inst. 1982)). Consequently, these two requirements must be established for a court to deny Rule 60.02(3) relief from a void judgment.

As for the first requirement, the Restatement (Second) of Judgments clarifies that in some instances, manifestation of intent arises when the party against whom the judgment was rendered is later "in a position where he would be expected to deny the effect of the judgment but does not do so." § 66 cmt. b. "[F]ailure to protest the judgment in such a situation can be taken as an affirmation of the judgment because the circumstances invited an expression of a contrary position." *Id.* Defendant manifested an intent to treat the judgment as valid by paying $30,000 toward the judgment. Thus, the first requirement has been established.

A thorough review of the record has not revealed any assertion by Plaintiff that granting relief from the judgment "would impair another person's substantial interest of reliance of the judgment." *Id.* § 66.

Regarding the second requirement, the Restatement (Second) of Judgments explains that the interests protected by denying relief include interests of persons in status, property, or in repose from legal controversy. *Id.* § 66 cmt. c. Thus, Plaintiff bears the burden of establishing that granting Defendant relief from the final judgment would impair "***another person's*** substantial interest of reliance on the judgment" as is required to establish exceptional circumstances. *Id.* § 66.

In its order granting Defendant relief from the void judgment, the trial court held:

> The only way the Court could deny the Defendant's Motion would be if two (2) exceptional circumstances are established. Specifically: (1) the Defendant must have accepted the validity of the judgment and (2) another person is shown to have relied on the void judgment to their detriment. *The requirement of detrimental reliance by another person has simply not been established.*

(Emphasis added).

Plaintiff argues the trial court erred in concluding that detrimental reliance of another person had not been established. Meanwhile, Defendant agrees with the trial court's conclusion and argues that even if Defendant manifested an intent to treat the judgment as valid, the reliance element was not met.

A thorough review of the record reveals no assertion by Plaintiff that granting relief from the judgment "would impair another person's substantial interest of reliance on the judgment." Restatement (Second) of Judgments § 66 (Am. Law Inst. 1982). The record

- 7 -

supports the trial court's conclusion that the requirement of detrimental reliance by another person has not been established.

Accordingly, we affirm the trial court's decision to grant Defendant relief from the void judgment.

### III.  REINSTATEMENT OF THE 2009 DEFAULT JUDGMENT

For completeness, we acknowledge Plaintiff's contention that the trial court erred in denying her motion to reinstate the 2009 Default Judgment. More specifically, Plaintiff contends "that the trial court erred in stating that the Order of Default Judgment is barred by the ten (10) year statute of limitations on judgments more than ten (10) years old." *See* Tenn. Code Ann. § 28-3-110(a)(2). While we agree that Tennessee Code Annotated § 28-3-110(a)(2) is inapplicable to the facts of this case, our determination provides no relief to Plaintiff. This is because the 2009 Default Judgment was not a final judgment; it was merely an interlocutory order. *See In re Est. of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2008) (holding that "[b]y definition, an 'interlocutory order' cannot be a 'final judgment.'").

Significantly, the Default Judgment Plaintiff relies upon did not dispose of all claims asserted by Plaintiff in the initial Complaint. In the initial Complaint, Plaintiff sought to recover substantial monetary damages, but the Default Judgment did not award any monetary damages. It merely granted a default as to Defendant's liability. In fact, Plaintiff was not awarded any damages until the entry of the final judgment in 2017.

As Rule 3(a) of the Tennessee Rules of Appellate Procedure states:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted . . . , any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Because the Default Judgment did not include an award for monetary damages, the Default Judgment was an interlocutory order that was "subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." *See* Tenn. R. Civ. P. 54.02. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do,'" and "[b]y definition, an 'interlocutory order' cannot be a 'final judgment.'" *In re Est. of Ridley*, 270 S.W.3d at 40 (citation omitted).

Plaintiff's filing of a motion to amend the Complaint fully supports our conclusion that the Default Judgment was merely an interlocutory order. This is evident because

Plaintiff would not have been able to amend the Complaint in 2016 if the 2009 Default Judgment constituted a final judgment. If it had been final, the trial court would have lacked jurisdiction to grant Plaintiff leave to amend her Complaint.

As a consequence, and contrary to Plaintiff's contentions, the 2009 Default Judgment, which was subject to revision at any time by the trial court before the entry of the now-voided 2017 final judgment, cannot serve as a substitute final judgment for the August 18, 2017 Judgment.

## IN CONCLUSION

Based on the foregoing, we affirm the trial court's determination that the August 17, 2017 Judgment is void *ab initio* for lack of personal jurisdiction over Defendant. Costs of appeal are assessed to Tracee A. Higgins.

_____
FRANK G. CLEMENT JR., P.J., M.S.